UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL SEPULVEDABLANCO and
MARIE SEPULVEDABLANCO,

      Plaintiffs,                              Case No.:

vs.

ANDRES HERNANDO LOPEZ,
RAFAEL ALFREDO ROJAS VEGA,
LUIS BALAGUER, MELISSA ESCOBAR,
SOFIA MARGARITA VERGARA,
LATIN WORLD ENTERTAINMENT
HOLDINGS, INC., AND NETFLIX, INC.,

      Defendants.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Netflix, Inc. ("Netflix") submits this Notice of Removal of a state court action to this Court.

## Background

1. Plaintiffs Michael and Marie Sepulvedablanco ("Plaintiffs") instituted this action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida on January 17, 2024, as Case No. 2024-000916-CA-01, against Netflix as well as Defendants Andres Hernando Lopez, Rafael Alfredo Rojas Vega, Luis Balaguer,[1] Melissa Escobar, Sofia Margarita Vergara, and Latin World Entertainment Holdings, Inc.

---

[1] Mr. Balaguer's name is misspelled in the caption of the state court complaint but is otherwise spelled correctly. This notice uses the correct spelling throughout.

1

2. None of the defendants, including Netflix, has been served in this matter. Removal is therefore timely pursuant to the 30-day limitation set forth in 28 U.S.C. § 1446(b).[2] Because no defendants have yet been served, consent of the other defendants is not required. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that consent is only required from "defendants who have been properly joined and served").

3. The action is removable under 28 U.S.C. § 1441(a) because this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## Federal Question Jurisdiction

4. Removal on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, is permitted when a plaintiff's complaint presents a federal question. *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5. Even if the plaintiff bases its claims on state law, removal is proper (1) when it appears that some substantial question of federal law is a necessary element of one of the well-pled state claims, or (2) when it appears that one of the plaintiff's claims is "really" one of federal law. *Franchise Tax Bd.*, 463 U.S. at 13 ("a plaintiff may not defeat removal by omitting to plead necessary federal questions in the complaint").

---

[2] The fact that no party has yet been served is no bar to removal. 28 U.S.C § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading." 28 U.S.C. § 1446(b) (emphasis added). *See Doe v. Blue Cross Blue Shield of Florida*, 11-61111-CIV, 2011 WL 13319213, at *3 (S.D. Fla. June 21, 2011), *report and recommendation adopted,* 11-61111-CIV, 2011 WL 13319141 (S.D. Fla. July 26, 2011) (adjudicating a matter, post-removal, in which the removing defendant had not yet been served). In removing, Netflix does not waive its right to challenge insufficient service of process.

6. Put differently, complaints filed in state court that purport to plead state statutory or common law causes of action are removable to federal court when a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law or is completely preempted by federal law. *Hester v. Fla. Cap. Grp., Inc.*, No. 11-CV-791-T-24 TGW, 2011 WL 2580330, at *2 (M.D. Fla. June 29, 2011).

7. This case is removable because Plaintiffs' claims are grounded in the Copyright Act, completely preempted, and thus subject to federal jurisdiction.

**Complete Preemption Under The Copyright Act**

8. This Court has previously held that complete preemption under the Copyright Act supports federal question removal. *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, 515 F. Supp. 3d 1292, 1299 (S.D. Fla. 2021) (denying motion for remand in finding that conversion and other claims were preempted by the Copyright Act); *see also GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012) ("We hold that [s]ection 301(a) of the Copyright Act completely preempts the substantive field."); *Ritchie v. Williams*, 395 F.3d 283, 287 (6th Cir. 2005) (same); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (same); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993) (same).

9. The Copyright Act provides for federal law preemption of state law, in relevant part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 … whether published or unpublished are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a) (alterations added).

10. The Copyright Act's preemption is "generally broad." *Foley v. Luster*, 249 F.3d

3

1281, 1285 (11th Cir. 2001) (citation omitted). To determine if the Copyright Act preempts a state law claim, courts in the Eleventh Circuit utilize a two-part test.

11. First, the court must decide "whether the rights at issue fall within the 'subject matter of copyright' set forth in sections 102 and 103." *Poet Theatricals Marine*, 515 F. Supp. 3d at 1299 (citing *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir. 1983)). Second, the court must determine "whether the rights at issue are 'equivalent to' the exclusive rights of Section 106." *Id*.

### Copyright Preemption Applies to Plaintiffs' Misappropriation Claims[3]

12. Plaintiffs' purported state law misappropriation claims against Netflix, on their face, appear to be poorly disguised copyright infringement claims. *See* Complaint ("Compl."), Count IX, XXIX ("Misappropriation Claims") (state-court Complaint attached as **Exhibit A**).[4] The Misappropriation Claims contend that Plaintiff Michael Sepulvedablanco provided his

---

[3] In addition to their misappropriation claims (Counts IX, XXIX), Plaintiffs purport to bring against Netflix an injunction claim (Count I) and two claims under Section 540.08, Florida statutes (Counts II, XXII). Injunction is a form of equitable relief and should not be pled as a cause of action. *E.g., Lanzone on behalf of One Way Roofing, LLC v. Boggs*, No. 18-80399, 2018 WL 11436537 * 2 (dismissing injunction claim as a standalone cause of action). The claims under 540.08, Florida Statues, are frivolous. *Tyne v. Time Warner Entm't Co., L.P.*, 901 So. 2d 802, 810 (Fla. 2005) (Section 540.08 "does not apply to publications, including motion pictures, which do not directly promote a produce or service"). Notwithstanding, the Court has supplemental jurisdiction over these claims upon removal. 28 U.S.C. § 1367 (providing federal courts jurisdiction over claims that are part of the same case or controversy as claims over which the court has original jurisdiction).

[4] Plaintiffs bring misappropriation claims against the non-removing defendants as well. Compl. Counts X - XV; XXX - XXXV. These claims would be preempted for the same reason the Misappropriation Claims against Netflix are preempted. And because the Complaint does not allege that Ms. Sepulvedablanco owns any allegedly misappropriated intellectual property, she also lacks standing to bring these claims—but that issue is not germane to the matter of preemption. *See Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290–91 (11th Cir. 2011) (explaining "that only the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action in a United States court") (quoting 17 U.S.C. § 501(b)).

"artistic literary work" to two of the non-Netflix defendants, who were supposed to pitch the work to production companies and publishers for Mr. Sepulvedablanco. *See* Compl. ¶ 18. Instead, Plaintiffs allege, non-Netflix defendant Lopez delivered the "artistic literary work" to Netflix. *Id.* ¶ 23. Plaintiffs contend Netflix then "used [Plaintiff's literary work] to depict the life story of himself and his mother" in the upcoming Netflix series *Griselda* ("Series"). *See Id.* ¶¶ 17 - 19, 26. In other words, Plaintiffs seek to enforce rights that (1) fall within the subject matter of copyright under §§ 102 and 103 of the Copyright Act, and (2) are equivalent to the exclusive rights provided by § 106 of the Copyright Act. *See Crow*, 720 F.2d at 1225–26.

**Prong One: Plaintiffs Seek to Enforce Rights that Fall within the Copyright Act**

13. The subject matter protected by the Copyright Act encompasses original works of authorship fixed in any tangible medium of expression. *See* 17 U.S.C. §§ 101-103. The Act specifically protects "literary works," among others. *Id.* § 102(a)(1)-(8).

14. Plaintiff Mr. Sepulvedablanco contends that Netflix copied his "artistic literary work" in creating the Series. Plaintiffs' Complaint repeatedly avers that Mr. Sepulvedablanco created and developed this "artistic literary work" after spending years "documenting the private narratives" of his family "with the intention of publishing a book." Compl. ¶ 14. Plaintiffs go on to allege that the non-Netflix defendants "came into physical possession" of Plaintiff's artistic literary work, indicating that Plaintiff's work at issue was memorialized in a tangible medium of expression. *Id.* ¶ 19. Plaintiffs then allege that the non-Netflix defendants actively sold or provided Mr. Sepulvedablanco's private "artistic literary work" to Netflix and that Netflix (among other defendants) used it to create the Series. *Id.* at ¶¶ 19, 23, 24.

15. Plaintiffs attempt to cast the Misappropriation Claims as misappropriation of ideas - a subject not protected by copyright. But that is unavailing.

5

16. Plaintiffs do not identify any "ideas" that Netflix supposedly misappropriated other than the substance of the "artistic literary work." *Id.* ¶¶ 112, 271. Instead, Plaintiffs repeatedly refer to Netflix's supposed use of *his artistic literary work* to create the Series. *See* Compl. ¶¶ 24, 26, 107, 112, 268, 271. Because Plaintiffs allege the existence of a work within the subject matter of copyright (literary work) and complain about misappropriation of content within that work, the claim is preempted. *See White v. Alcon Film Fund, LLC*, No. 13-cv-1163, 2013 WL 12067479 (N.D. Ga. August 13, 2013) (finding preemption to the extent plaintiff alleged conversion of "ideas" that were expressed in a book); *Davis v. Raymond*, No. 12-22578-CIV, 2012 WL 12868729, at *4 (S.D. Fla. Nov. 30, 2012) (finding misappropriation of idea claim based on a song was within subject matter of copyright and preempted); *compare to Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285 (11th Cir. 2004) (finding no preemption because "there is no work that is claimed to have been pirated—*only* an idea which lends itself to very few expressions" but stating that where a work of original authorship embraces more than simply the idea, preemption is appropriate); *Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc.,* 395 F. Supp. 2d 891 (D. S.D. 2005) (distinguishing *Dunlap* and finding preemption where plaintiff's claims involved both copyrightable materials and uncopyrightable slogans or ideas). Plaintiffs' repeated allegations claiming misappropriation of stories or narratives within Mr. Sepulvedablanco's literary work brings the subject matter within the Copyright Act, thereby satisfying the first prong.

### Prong Two: Plaintiffs Seek to Enforce Rights that are Equivalent to the Exclusive Rights Set Forth in the Copyright Act

17. The Copyright Act provides a copyright owner with the exclusive rights to "reproduce" the copyrighted work, "prepare derivative works" based on the copyrighted work, "distribute copies" of the copyrighted work, "perform the copyrighted work publicly," and

"display the copyrighted work publicly." 17 U.S.C. § 106. Plaintiffs' Misappropriation Claims fault Netflix for engaging in these purported acts, all of which fall within the exclusive rights of a copyright owner under Section 106. Compl. ¶¶ 24, 111 - 112, 270 - 271. *See Poet Theatricals Marine*, 515 F. Supp. 3d at 1302 (finding conversion claim preempted because it sought to enforce rights equivalent to those provided by the Copyright Act); *see also Jaggon v. Rebel Rock Entertainment, Inc.*, No. 09-61144-CIV, 2010 WL 3468101 (S.D. Fla. Sept. 1, 2010) (same).

18. Under the second prong, if the state law claim does not require an "extra element" that is qualitatively different from the exclusive rights in Section 106, such a claim is preempted by the Copyright Act. *See Bateman v. Mnemonics, Inc*., 79 F.3d 1532, 1549 (11th Cir. 1996). This "extra element" analysis is not "a rote comparison of the elements of a copyright claim against the state law claim asserted" and instead, the Court is to "determine if the state law claim includes a qualitatively different element." *Poet Theatricals Marine*, 515 F. Supp. 3d at 1301 (internal citations omitted).

19. Plaintiffs' Misappropriation Claims – based on Netflix's display, distribution and other use of the artistic literary work – do not contain any extra element to avoid preemption. Instead, the Misappropriation Claims purport to enforce the same work and same allegedly infringed rights as they would in a straightforward copyright claim. Plaintiffs purport to allege that they created, developed, and own an original artistic literary work and that Netflix copied or otherwise used the artistic literary work via the Series. Compl. ¶¶ 19, 107-112; 266 - 271. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (setting forth elements of copyright infringement claim). These claims are preempted, and removal is proper.

### The Remaining Requirements for Removal are Met

20. Per 28 U.S.C. § 1441(a), the U.S. District Court for the Southern District of Florida, Miami Division, is the district and division embracing the location of the pending state court action, the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. 28 U.S.C. § 89(c).

21. All state court papers filed in this action at the time of removal are attached to this Notice of Removal in accordance with Local Rule 7.2 and 28 U.S.C. § 1446(a). *See* **Exhibit A**.

22. No further proceedings have occurred in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as of the date of filing this removal.

### Notice

23. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, through their attorneys, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as **Exhibit B**. A signed copy of this Notice of Removal will be filed with the Clerk of the Miami-Dade County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

24. By filing this Notice of Removal, Netflix does not waive any defenses, rights, or objections and does not concede that the allegations in the Complaint state a valid claim under applicable law.

WHEREFORE, Netflix removes the above-cited case to the United States District Court for the Southern District of Florida.

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Deanna K. Shullman**
Deanna K. Shullman (Florida Bar No. 514462)
dshullman@shullmanfugate.com

Rachel E. Fugate (Florida Bar No. 144029)
rfugate@shullmanfugate.com
Allison Lovelady (Florida Bar No. 70662)
alovelady@shullmanfugate.com
Minch Minchin (Florida Bar No. 1015950)
mminchin@shullmanfugate.com
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 429-3619

*Attorneys for Netflix, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy for the foregoing has been served on the following counsel of record via electronic and U.S Mail on this 22nd day of January, 2024:

**Jimenez Mazzitelli Mordes**
Benjamin Mordes, Esq.
Carlos Jimenez, Esq.
9350 South Dixie Highway, PH 05
Miami, FL 33156
Tel.: (305) 548-8750
benjamin@jmmlawfirm.com
carlos@jmmlawfirm.com

**Law Offices of Elysa Galloway**
Elysa Galloway, Esq.
PO Box 5131
Lighthouse Point, FL 33074-5131
Tel.: (954) 998-3828
elysa@elysagallowaylaw.com

**Deanna K. Shullman**_____
Attorney