**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>MICHAEL SEPULVEDABLANCO, MARIE SEPULVEDABLANCO, MARIE </u>
<u>SEPULVEDABLANCO</u>

Plaintiff                                           Case # _____

                                                    Judge  _____

vs.
<u>ANDRES HERNANDO LOPEZ, RAFAEL ALFREDO ROJAS VEGA, LUIS BALGUER, </u>
<u>MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD </u>
<u>ENTERTAINMENT HOLDINGS, INC., NETFLIX, INC.</u>
 Defendant

## II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

## III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

Composite Exhibit A, Page 1 of 88

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

Composite Exhibit A, Page 2 of 88

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   35

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Alexa Delgado        Fla. Bar # 1026000
      Attorney or party              (Bar # if attorney)

Alexa Delgado               01/17/2024
  (type or print name)           Date

Composite Exhibit A, Page 3 of 88

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION:

CASE NO.:

MICHAEL SEPULVEDABLANCO, and MARIE SEPULVEDABLANCO, formerly known as MARIE RAMIREZ DE ARELLANO as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO,

      Plaintiffs,

v.

ANDRES HERNANDO LOPEZ, RAFAEL ALFREDO ROJAS VEGA, LUIS BALGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC.,

      Defendants.

_____/

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, MICHAEL SEPULVEDABLANCO, and MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO[1], by and through undersigned counsel, sue the Defendants, ANDRES HERNANDO LOPEZ, RAFAEL ALFREDO ROJAS VEGA, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC., alleging as

---

[1] MARIE SEPULVEDABLANCO is the putative personal representative of the Estate of Griselda Blanco De Trujillo and is in the process of being duly appointed as the personal representative of said estate.

1

follows:

## **JURISDICTION, VENUE, PARTIES, AND GENERAL ALLEGATIONS**

1. This is an action for damages in excess of $50,000.00, exclusive of costs and interest.

2. At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, was and is a resident of Miami-Dade County, Florida.

3. At all times material hereto, Plaintiff MARIE SEPULVEDABLANCO, is in the process of being duly appointed as the Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, deceased.

4. This action is brought on behalf of Decedent's, GRISELDA BLANCO DE TRUJILLO, survivors, and Estate. The potential beneficiaries of a recovery by Plaintiff in this action and the relationship to the Decedent are as follows:

| **Potential Beneficiary** | **Relationship** |
|---|---|
| MICHAEL SEPULVEDABLANCO | Son |

5. At all times material hereto, the Decedent, GRISELDA BLANCO DE TRUJILLO, was a resident of a foreign country and resided in Miami, Florida.

6. At all times material hereto, Defendant, ANDRES HERNANDO LOPEZ, was and is a resident of Miami-Dade County, Florida.

7. At all times material hereto, Defendant, RAFAEL ALFREDO ROJAS VEGA, was and is a resident of a foreign county.

8. At all times material hereto, Defendant, LUIS BALAGUER, was and is a resident of California.

9. At all times material hereto, Defendant, MELISSA ESCOBAR, was and is a resident of California.

10.     At all times material hereto, Defendant, SOFIA MARGARITA VERGARA, was and is a resident of California.

11.     At all times material hereto, Defendant, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., was and is a Florida Corporation authorized to do business in the State of Florida, including Miami-Dade County.

12.     At all times material hereto, Defendant, NETFLIX, INC., was and is a Foreign Corporation authorized to do business in the State of Florida, including Miami-Dade County.

13.     Venue is proper in this Circuit, because the incidents that gives rise to this action occurred in Miami-Dade County, Florida.

14.     At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO is a prominent figure in the media entertainment industry as: an author, tv personality, public figure, businessman and the son of Decedent, Griselda Blanco De Trujillo.  Plaintiff, MICHAEL SEPULVEDABLANCO, has devoted several years to meticulously documenting the private narratives of his, as well as his mother's life, with the intention of publishing a book and developing a Spanish soap opera.

15.     On or about 2009, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, entered into an agreement with Plaintiff, MICHAEL SEPULVEDABLANCO, regarding the use of his artistic literary work.

16.     The agreement included Defendants', ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, intention to assist Plaintiff, MICHAEL SEPULVEDABLANCO, in the publication of his book, as well as assist Plaintiff, MICHAEL SEPULVEDABLANCO, in creating/developing a Spanish soap opera based on his book.

17.     From 2009 to 2022, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL

3

ALFREDO ROJAS VEGA, would interview Plaintiff, MICHAEL SEPULVEDABLANCO, as well as audio-record sessions where Plaintiff, MICHAEL SEPULVEDABLANCO, would recount private details from his artistic literary work about his family's life. Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, also came into physical possession of Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

18.     In 2016, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that they would begin pitching his artistic literary work to different Latin production companies, as well as secure a publishing deal for his book. Thereafter, Defendant, RAFAEL ALFREDO ROJAS VEGA, through an exchange of voice messages via WhatsApp advised Plaintiff, MICHAEL SEPULVEDABLANCO, that he did in fact share Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work with Defendant, ANDRES HERNANDO LOPEZ, right before a meeting with Defendant, NETFLIX, INC.

19.     After the meeting with Defendant, NETFLIX, INC., Defendant, ANDRES HERNANDO LOPEZ, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that he had a meeting with Defendant, NETFLIX, INC., however, they had opted out of using Plaintiff's, MICHAEL SEPULVEDABLANCO, consultations, or any of his artistic literary work. Subsequently, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, ceased all communication with Plaintiff, MICHAEL SEPULVEDABLANCO, and instead, proceeded to actively sell and/or provide by expectation of compensation his unreleased, private artistic literary work to Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC., without Plaintiff's, MICHAEL SEPULVEDABLANCO knowledge or

4

authorization.

20.     Plaintiff, MICHAEL SEPULVEDABLANCO, was made aware of a limited series through news publications of the project named *Griselda* by Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC. It was at the moment Plaintiff, MICHAEL SEPULVEDABLANCO, reached out to Defendant, RAFAEL ALFREDO ROJAS VEGA, who confirmed he did in fact share all of Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work to Defendant, ANDRES HERNANDO LOPEZ, without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization via email prior to ceasing all communication with Plaintiff, MICHAEL SEPULVEDABLANCO.

21.     In 2021, immediately upon this discovery, Plaintiff, MICHAEL SEPULVEDABLANCO, met with Defendant, LUIS BALAGUER, to discuss the project named *Griselda* and Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. During this meeting, Plaintiff, MICHAEL SEPULVEDABLANCO, again offered to provide consultations, or any of his artistic literary work for the project named *Griselda*. In response, Defendant, LUIS BALAGUER, boasted that Defendants had no need for Plaintiff, MICHAEL SEPULVEDABLANCO. Defendant, LUIS BALAGUER, further confirmed to Plaintiff, MICHAEL SEPULVEDABLANCO, that Defendants did in fact have Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. This occurred when Defendant, LUIS BALAGUER, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that Defendants would not use a specific scene referenced within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. Plaintiff, MICHAEL SUPELVEDABLANCO, had asked Defendant, LUIS BALAGUER, how he had knowledge of this specific scene.

22.     It was in that moment, at the meeting, Plaintiff, MICHAEL SEPULVEDABLANCO, provided Defendant, LUIS BALAGUER, notice that this scene was his artistic literary work, also asking Defendant, LUIS BALAGUER, if he was or had been working with Defendant, ANDRES HERNANDO LOPEZ, because only four individuals knew about this scene. Defendant, LUIS BALAGUER, confirmed he in fact had worked with Defendant, ANDRES HERNANDO LOPEZ, in the beginning stages of the project *Griselda*.

23.     The following day after the meeting, Plaintiff, MICHAEL SEPULVEDABLANCO, advised Defendant, ANDRES HERNANDO LOPEZ, that he spoke to Defendant, LUIS BALAGUER and Defendant, ANDRES HERNANDO LOPEZ, confirmed they had opted out of using Plaintiff's, MICHAEL SEPULVEDABLANCO, consultations, or any of his artistic literary work because when Defendant, ANDRES HERNANDO LOPEZ, met with Defendant, NETFLIX, INC., he wrongfully provided Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization.

24.     Overall, Defendant, LUIS BALAGUER, confirmed that Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work had been provided to Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC, to create a limited series based on Plaintiff's, MICHAEL SEPULVEDABLANCO, family.

25.     The limited series *Griselda*, produced by Defendants, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR, and SOFIA VERGARA, is now set to premiere on January 25, 2024, on Defendant's, NETFLIX, INC., streaming platform.

Composite Exhibit A, Page 9 of 88

26.     Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased and private artistic literary work is used to depict the life story of himself and his mother, Griselda Blanco De Trujillo, in this limited series, *Griselda*, produced by LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR and SOFIA VERGARA, with no credit to Plaintiff, MICHAEL SEPULVEDABLANCO, for his artistic literary work. To date, Defendant, NETFLIX, INC., has not properly credited Plaintiff, MICHAEL SEPULVEDABLANCO, for any of his artistic work that will be used in the series *Griselda*.

### COUNT I – TEMPORARY INJUNCTION AGAINST NETFLIX, INC.

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26 as though fully set forth herein and alternatively and/or concurrently states:

27.     The release of *Griselda* containing private details regarding the Plaintiff's, MICHAEL SEPULVEDABLANCO, life, and the unauthorized use of Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased artistic literary work will cause irreparable harm to the Plaintiff, MICHAEL SEPULVEDABLANCO.

28.     The Plaintiff, MICHAEL SEPULVEDABLANCO, will have no adequate remedy at law if *Griselda* is released prior to the entry of a temporary injunction.

29.     The Plaintiff, MICHAEL SEPULVEDABLANCO, has a strong likelihood of success on all his claims, wherein Plaintiff, MICHAEL SEPULVEDABLANCO, has never authorized the use of his unreleased artistic literary work for any production of any limited series without his consent or authorization.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, asks this Honorable Court to grant an injunction against the Defendants, NETFLIX, INC., and any such further relief as is just, equitable, and proper.

## COUNT II - VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST NETFLIX, INC.

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

30.     Plaintiff, MICHAEL SEPULVEDABLANCO, has a statutory right of publicity under Section 540.08, Florida Statutes.

31.     Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

32.     Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

33.     Defendant never sought permission nor authority to use Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

34.     Plaintiff, MICHAEL SEPULVEDABLANCO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

35.     Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

8

36.     Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MICHAEL SEPULVEDABLANCO, of a property interest during the entire time period in which the unauthorized use took place.

37.     At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MICHAEL SEPULVEDABLANCO, rights.

38.     Alternatively, Defendant acted negligently towards Plaintiff, MICHAEL SEPULVEDABLANCO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

39.     Defendant has caused and will continue to cause irreparable harm to Plaintiff, MICHAEL SEPULVEDABLANCO, his reputation and brand by attributing Plaintiff to *Griselda*.

40.     Defendant has also damaged Plaintiff, MICHAEL SEPULVEDABLANCO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

WHEREFORE, Plaintiff, MICHAEL SEPULVEDABLANCO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

### COUNT III - VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST ANDRES HERNANDO LOPEZ

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

41.     Plaintiff, MICHAEL SEPULVEDABLANCO, has a statutory right of publicity

9

under Section 540.08, Florida Statutes.

42.    Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

43.    Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

44.    Defendant never sought permission nor authority to use Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

45.    Plaintiff, MICHAEL SEPULVEDABLANCO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

46.    Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

47.    Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MICHAEL SEPULVEDABLANCO, of a property interest during the entire time period in which the unauthorized use took place.

Composite Exhibit A, Page 13 of 88

48.     At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MICHAEL SEPULVEDABLANCO, rights.

49.     Alternatively, Defendant acted negligently towards Plaintiff, MICHAEL SEPULVEDABLANCO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

50.     Defendant has caused and will continue to cause irreparable harm to Plaintiff, MICHAEL SEPULVEDABLANCO, his reputation and brand by attributing Plaintiff to *Griselda*.

51.     Defendant has also damaged Plaintiff, MICHAEL SEPULVEDABLANCO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

WHEREFORE, Plaintiff, MICHAEL SEPULVEDABLANCO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## COUNT IV - VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST RAFAEL ALFREDO ROJAS VEGA

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-25, as though fully set forth herein and alternatively and/or concurrently states:

52.     Plaintiff, MICHAEL SEPULVEDABLANCO, has a statutory right of publicity under Section 540.08, Florida Statutes.

53.     Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising

11

purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

54.     Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

55.     Defendant never sought permission nor authority to use Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

56.     Plaintiff, MICHAEL SEPULVEDABLANCO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

57.     Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

58.     Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MICHAEL SEPULVEDABLANCO, of a property interest during the entire time period in which the unauthorized use took place.

59.     At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MICHAEL SEPULVEDABLANCO, rights.

60.     Alternatively, Defendant acted negligently towards Plaintiff, MICHAEL SEPULVEDABLANCO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

61.     Defendant has caused and will continue to cause irreparable harm to Plaintiff, MICHAEL SEPULVEDABLANCO, his reputation and brand  by attributing Plaintiff to *Griselda*.

62.     Defendant has also damaged Plaintiff, MICHAEL SEPULVEDABLANCO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

WHEREFORE, Plaintiff, MICHAEL SEPULVEDABLANCO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## <u>COUNT V- VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST LUIS BALAGUER</u>

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

63.     Plaintiff, MICHAEL SEPULVEDABLANCO, has a statutory right of publicity under Section 540.08, Florida Statutes.

64.     Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

Composite Exhibit A, Page 16 of 88

65.     Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

66.     Defendant never sought permission nor authority to use Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

67.     Plaintiff, MICHAEL SEPULVEDABLANCO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

68.     Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

69.     Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MICHAEL SEPULVEDABLANCO, of a property interest during the entire time period in which the unauthorized use took place.

70.     At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MICHAEL SEPULVEDABLANCO, rights.

71.     Alternatively, Defendant acted negligently towards Plaintiff, MICHAEL SEPULVEDABLANCO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

14

72.    Defendant has caused and will continue to cause irreparable harm to Plaintiff, MICHAEL SEPULVEDABLANCO, his reputation and brand by attributing Plaintiff to *Griselda*.

73.    Defendant has also damaged Plaintiff, MICHAEL SEPULVEDABLANCO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

WHEREFORE, Plaintiff, MICHAEL SEPULVEDABLANCO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## COUNT VI- VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST MELISSA ESCOBAR

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

74.    Plaintiff, MICHAEL SEPULVEDABLANCO, has a statutory right of publicity under Section 540.08, Florida Statutes.

75.    Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

76.    Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

Composite Exhibit A, Page 18 of 88

77.     Defendant never sought permission nor authority to use Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

78.     Plaintiff, MICHAEL SEPULVEDABLANCO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

79.     Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

80.     Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MICHAEL SEPULVEDABLANCO, of a property interest during the entire time period in which the unauthorized use took place.

81.     At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MICHAEL SEPULVEDABLANCO, rights.

82.     Alternatively, Defendant acted negligently towards Plaintiff, MICHAEL SEPULVEDABLANCO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

83.     Defendant has caused and will continue to cause irreparable harm to Plaintiff, MICHAEL SEPULVEDABLANCO, his reputation and brand by attributing Plaintiff to *Griselda*.

16

84.     Defendant has also damaged Plaintiff, MICHAEL SEPULVEDABLANCO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

WHEREFORE, Plaintiff, MICHAEL SEPULVEDABLANCO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## COUNT VII - VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST SOFIA MARGARITA VERGARA

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

85.     Plaintiff, MICHAEL SEPULVEDABLANCO, has a statutory right of publicity under Section 540.08, Florida Statutes.

86.     Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

87.     Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

88.     Defendant never sought permission nor authority to use Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

17

89.     Plaintiff, MICHAEL SEPULVEDABLANCO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

90.     Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

91.     Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MICHAEL SEPULVEDABLANCO, of a property interest during the entire time period in which the unauthorized use took place.

92.     At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MICHAEL SEPULVEDABLANCO, rights.

93.     Alternatively, Defendant acted negligently towards Plaintiff, MICHAEL SEPULVEDABLANCO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

94.     Defendant has caused and will continue to cause irreparable harm to Plaintiff, MICHAEL SEPULVEDABLANCO, his reputation and brand by attributing Plaintiff to *Griselda*.

95.     Defendant has also damaged Plaintiff, MICHAEL SEPULVEDABLANCO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

18

WHEREFORE, Plaintiff, MICHAEL SEPULVEDABLANCO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

### COUNT VIII- VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST LATIN WORLD ENTERTAINMENT HOLDINGS, INC.

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

96.     Plaintiff, MICHAEL SEPULVEDABLANCO, has a statutory right of publicity under Section 540.08, Florida Statutes.

97.     Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

98.     Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

99.     Defendant never sought permission nor authority to use Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

100.    Plaintiff, MICHAEL SEPULVEDABLANCO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

19

101.    Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MICHAEL SEPULVEDABLANCO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

102.    Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MICHAEL SEPULVEDABLANCO, of a property interest during the entire time period in which the unauthorized use took place.

103.    At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MICHAEL SEPULVEDABLANCO, rights.

104.    Alternatively, Defendant acted negligently towards Plaintiff, MICHAEL SEPULVEDABLANCO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

105.    Defendant has caused and will continue to cause irreparable harm to Plaintiff, MICHAEL SEPULVEDABLANCO, his reputation and brand  by attributing Plaintiff to *Griselda*.

106.    Defendant has also damaged Plaintiff, MICHAEL SEPULVEDABLANCO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

WHEREFORE, Plaintiff, MICHAEL SEPULVEDABLANCO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## COUNT IX– MISAPPROPRIATION AGAINST NETFLIX, INC.

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

107.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

108.    Plaintiff, MICHAEL SEPULVEDABLANCO made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

109.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MICHAEL SEPULVEDABLANCO.

110.    Any disclosures of the stories contained within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work was strictly made in confidence.

111.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

112.    Defendant has misappropriated Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MICHAEL SEPULVEDABLANCO ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas.

21

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, NETFLIX, INC., for the reasonable value of the services provided and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

<u>**COUNT X– MISAPPROPRIATION AGAINST ANDRES HERNANDO LOPEZ**</u>

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

113.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

114.    Plaintiff, MICHAEL SEPULVEDABLANCO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

115.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MICHAEL SEPULVEDABLANCO.

116.    Any disclosures of the stories contained within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work was strictly made in confidence.

117.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

118.    Defendant has misappropriated Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas in connection with the stories contained in the artistic literary work, including but not limited

22

to its adoption and use of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, ANDRES HERNANDO LOPEZ, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XI– MISAPPROPRIATION AGAINST RAFAEL ALFREDO ROJAS VEGA

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

119.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

120.    Plaintiff, MICHAEL SEPULVEDABLANCO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

121.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MICHAEL SEPULVEDABLANCO.

122.    Any disclosures of the stories contained within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work was strictly made in confidence.

123.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, took necessary precautions to protect his creation, design and development of his artistic literary work

23

by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

124.    Defendant has misappropriated Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, RAFAEL ALFREDO ROJAS VEGA, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

### COUNT XII– MISAPPROPRIATION AGAINST LUIS BALAGUER

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

125.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

126.    Plaintiff, MICHAEL SEPULVEDABLANCO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

127.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MICHAEL SEPULVEDABLANCO.

128.    Any disclosures of the stories contained within Plaintiff's, MICHAEL

24

SEPULVEDABLANCO, artistic literary work was strictly made in confidence.

129.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

130.    Defendant has misappropriated Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, LUIS BALAGUER, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

### COUNT XIII– MISAPPROPRIATION AGAINST MELISSA ESCOBAR

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

131.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, spent several years creating and developing a artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

132.    Plaintiff, MICHAEL SEPULVEDABLANCO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

133.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff,

Composite Exhibit A, Page 28 of 88

MICHAEL SEPULVEDABLANCO.

134.    Any disclosures of the stories contained within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work was strictly made in confidence.

135.    At all times material hereto, Plaintiff took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

136.    Defendant has misappropriated Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's ideas, MICHAEL SEPULVEDABLANCO, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, MELISSA ESCOBAR, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XIV– MISAPPROPRIATION AGAINST SOFIA MARGARITA VERGARA

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

137.    At all times material hereto, Plaintiff, , MICHAEL SEPULVEDABLANCO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work artistic literary work was novel, original and unique.

138.    Plaintiff, MICHAEL SEPULVEDABLANCO, made substantial investment of

time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

139. Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MICHAEL SEPULVEDABLANCO.

140. Any disclosures of the stories contained within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work was strictly made in confidence.

141. At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

142. Defendant has misappropriated Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, SOFIA MARGARITA VERGARA, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XV– MISAPPROPRIATION AGAINST LATIN WORLD ENTERTAINMENT HOLDINGS, INC.

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

143. At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, spent

27

several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

144.    Plaintiff, MICHAEL SEPULVEDABLANCO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

145.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MICHAEL SEPULVEDABLANCO.

146.    Any disclosures of the stories contained within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work was strictly made in confidence.

147.    At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

148.    Defendant has misappropriated Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, LATIN WORLD ENTERTAINMENT HOLDINGS, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XVI– BREACH OF IMPLIED IN FACT CONTRACT AGAINST ANDRES HERNANDO LOPEZ

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26 as though fully set forth herein and alternatively and/or concurrently states:

149.    At all times material hereto, Defendant, ANDRES HERNANDO LOPEZ, offered to assist Plaintiff, MICHAEL SEPULVEDABLANCO, in the publication of his book, as well as assist Plaintiff, MICHAEL SEPULVEDABLANCO, in creating/developing a Spanish soap opera based on his book.

150.    Both parties mutually intended and agreed that the Plaintiff, MICHAEL SEPULVEDABLANCO, was the creator, developer, and owner of the artistic literary work.

151.    Both parties mutually intended and agreed that the Plaintiff, MICHAEL SEPULVEDABLANCO, would receive compensation and royalties associated with his artistic literary work.

152.    From 2009 to 2022, Defendant, RAFAEL ALFREDO ROJAS VEGA, worked with Plaintiff, MICHAEL SEPULVEDABLANCO, to put together a storyline for Plaintiff's MICHAEL SEPULVEDABLANCO, book and soap opera, by interviewing Plaintiff, MICHAEL SEPULVEDABLANCO, and using Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

153.    During this time, a contract implied in fact was created between Plaintiff, MICHAEL SEPULVEDABLANCO, and Defendant, ANDRES HERNANDO LOPEZ, through their conduct and actions.

154.    The conduct of both parties was intentional, and each knew, or should have known, that their actions created a contract.

155.     Defendant, ANDRES HERNANDO LOPEZ, breached this contract when he ceased communication with Plaintiff, MICHAEL SEPULVEDABLANCO, and instead, proceeded to actively market and sell Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased, private artistic literary work to Defendants, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, AND NETFLIX, INC. without Plaintiff's, MICHAEL SEPULVEDABLANCO, authorization, and without providing Plaintiff, MICHAEL SEPULVEDABLANCO, compensation.

156.     Plaintiff, MICHAEL SEPULVEDABLANCO, suffered damages as a result of Defendant's, ANDRES HERNANDO LOPEZ, breach.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, ANDRES HERNANDO LOPEZ, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XVII – BREACH OF IMPLIED IN FACT CONTRACT AGAINST RAFAEL ALFREDO ROJAS VEGA

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26 as though fully set forth herein and alternatively and/or concurrently states:

157.     At all times material hereto, Defendant, RAFAEL ALFREDO ROJAS VEGA, offered to assist Plaintiff, MICHAEL SEPULVEDABLANCO, in the publication of his book, as well as assist Plaintiff, MICHAEL SEPULVEDABLANCO, in creating/developing a Spanish soap opera based on his book.

158.     Both parties mutually intended and agreed that the Plaintiff, MICHAEL SEPULVEDABLANCO, was the creator, developer, and owner of the artistic literary work.

159.     Both parties mutually intended and agreed that the Plaintiff, MICHAEL

30

SEPULVEDABLANCO, would receive compensation and royalties associated with Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

160.     From 2009 to 2022, Defendant, RAFAEL ALFREDO ROJAS VEGA, worked with Plaintiff, MICHAEL SEPULVEDABLANCO, to put together a storyline for Plaintiff's, MICHAEL SEPULVEDABLANCO, book and soap opera, by interviewing Plaintiff, MICHAEL SEPULVEDABLANCO, and using Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

161.     During this time, a contract implied in fact was created between Plaintiff, MICHAEL SEPULVEDABLANCO, and Defendant, RAFAEL ALFREDO ROJAS VEGA, through their conduct and actions.

162.     The conduct of both parties was intentional, and each knew, or should have known, that their actions created a contract.

163.     Defendant, RAFAEL ALFREDO ROJAS VEGA, breached this contract when he ceased communication with Plaitiff, MICHAEL SEPULVEDABLANCO,, and instead, proceeded to actively market and sell Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased, private artistic literary work to Defendants, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, AND NETFLIX, INC., without Plaintiff's, MICHAEL SEPULVEDABLANCO, authorization, and without providing Plaintiff, MICHAEL SEPULVEDABLANCO, compensation.

164.     Plaintiff, MICHAEL SEPULVEDABLANCO, suffered damages as a result of Defendant's, RAFAEL ALFREDO ROJAS VEGA, breach.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, RAFAEL ALFREDO ROJAS VEGA, for damages and in addition, interest (at

31

the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XVIII - BREACH OF IMPLIED IN LAW CONTRACT AGAINST ANDRES HERNANDO LOPEZ

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

165.    Plaintiff, MICHAEL SEPULVEDABLANCO, conferred a benefit upon Defendant, ANDRES HERNANDO LOPEZ.

166.    Defendant, ANDRES HERNANDO LOPEZ, knew of the benefit.

167.    Defendant, ANDRES HERNANDO LOPEZ, accepted or retained the benefit.

168.    Plaintiff, MICHAEL SEPULVEDABLANCO, has exhausted all remedies against Defendant, ANDRES HERNANDO LOPEZ, and Plaintiff, MICHAEL SEPULVEDABLANCO, still has not received the reasonable value for his services.

169.    The circumstances are such that Defendant, ANDRES HERNANDO LOPEZ, should in all fairness, be required to pay for the benefit.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, ANDRES HERNANDO LOPEZ, for the reasonable value of the services provided, and, in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XIX - BREACH OF IMPLIED IN LAW CONTRACT AGAINST RAFAEL ALFREDO ROJAS VEGA

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

32

170.     Plaintiff, MICHAEL SEPULVEDABLANCO, conferred a benefit upon Defendant, RAFAEL ALFREDO ROJAS VEGA.

171.     Defendant, RAFAEL ALFREDO ROJAS VEGA, knew of the benefit.

172.     Defendant, RAFAEL ALFREDO ROJAS VEGA, accepted or retained the benefit.

173.     Plaintiff, MICHAEL SEPULVEDABLANCO, has exhausted all remedies against Defendant, RAFAEL ALFREDO ROJAS VEGA, and Plaintiff, MICHAEL SEPULVEDABLANCO, still has not received the reasonable value for his services.

174.     The circumstances are such that Defendant, RAFAEL ALFREDO ROJAS VEGA, should in all fairness, be required to pay for the benefit.

**WHEREFORE**, Plaintiff, MICHAEL CORELONE BLANCO, demands judgment against Defendant, RAFAEL ALFREDO ROJAS VEGA, damages and, in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XX– FRAUDULENT MISREPRESENTATION AGAINST ANDRES HERNANDO LOPEZ

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

175.     Defendant, ANDRES HERNANDO LOPEZ, intentionally made a false statement concerning compensation for the Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

176.     Defendant, ANDRES HERNANDO LOPEZ, intentionally made a false statement concerning actively marketing Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased, private artistic literary work to Defendants, LATIN WORLD ENTERTAINMENT HOLDINGS,

INC., LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, AND NETFLIX, INC.

177.     Defendant, ANDRES HERNANDO LOPEZ, knew the statements were false when the statements were made, or made the statements knowing that they were, without knowledge of its truth or falsity.

178.     In making the false statements, Defendant, ANDRES HERNANDO LOPEZ, intended that Plaintiff, MICHAEL SEPULVEDABLANCO, rely on the false statements.

179.     In making the false statements, Defendant, ANDRES HERNANDO LOPEZ intended that Plaintiff, MICHAEL SEPULVEDABLANCO, rely on the false statements to obtain Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work with the intention of never compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

180.     Plaintiff, MICHAEL SEPULVEDABLANCO, relied on the false statements.

181.     Plaintiff, MICHAEL SEPULVEDABLANCO, suffered losses, injury, or damages as a result.

**WHEREFORE**, Plaintiff, MICHAEL SEPULVEDABLANCO, demands judgment against Defendant, RAFAEL ALFREDO ROJAS VEGA, damages, and, in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XXI – FRAUDULENT MISREPRESENTATION AGAINST RAFAEL ALFREDO ROJAS VEGA

Plaintiff, MICHAEL SEPULVEDABLANCO, re-alleges and re-adopts paragraphs 1-26 as though fully set forth herein and alternatively and/or concurrently states:

182.    Defendant, RAFAEL ALFREDO ROJAS VEGA, intentionally made a false statement concerning compensation for Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

183.    Defendant, RAFAEL ALFREDO ROJAS VEGA, intentionally made a false statement concerning actively marketing Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased, private literary work to Defendants, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, AND NETFLIX, INC.

184.    Defendant, RAFAEL ALFREDO ROJAS VEGA, knew the statements were false when the statements were made, or made the statements knowing that they were, without knowledge of its truth or falsity.

185.    In making the false statements, Defendant, RAFAEL ALFREDO ROJAS VEGA, intended that Plaintiff, MICHAEL SEPULVEDABLANCO, rely on the false statements.

186.    In making the false statements, Defendant, RAFAEL ALFREDO ROJAS VEGA, intended that Plaintiff, MICHAEL SEPULVEDABLANCO, rely on the false statements to obtain Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work with the intention of never compensating Plaintiff, MICHAEL SEPULVEDABLANCO,

187.    Plaintiff, MICHAEL SEPULVEDABLANCO, relied on the false statements.

188.    Plaintiff, MICHAEL SEPULVEDABLANCO, suffered losses, injury, or damages as a result.

## <u>COUNT XXII - VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST NETFLIX, INC.</u>

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

189.   Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, has a statutory right of publicity under Section 540.08, Florida Statutes.

190.   Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

191.   Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

192.   Defendant never sought permission nor authority to use Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

193.   Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

36

194.    Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

195.    Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, of a property interest during the entire time period in which the unauthorized use took place.

196.    At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, rights.

197.    Alternatively, Defendant acted negligently towards Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

198.    Defendant has caused and will continue to cause irreparable harm to Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, his reputation and brand by attributing Plaintiff to *Griselda*.

199.    Defendant has also damaged Plaintiff, MICHAEL SEPULVEDABLANCO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity

37

without compensating Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

WHEREFORE, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## COUNT XXIII - VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST ANDRES HERNANDO LOPEZ

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

200.   Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, has a statutory right of publicity under Section 540.08, Florida Statutes.

201.   Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

202.   Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

Composite Exhibit A, Page 41 of 88

203. Defendant never sought permission nor authority to use Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

204. Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

205. Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

206. Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, of a property interest during the entire time period in which the unauthorized use took place.

207. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, rights.

208. Alternatively, Defendant acted negligently towards Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE

39

TRUJILLO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

209.     Defendant has caused and will continue to cause irreparable harm to Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, his reputation and brand by attributing Plaintiff to *Griselda*.

210.     Defendant has also damaged Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

WHEREFORE, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## COUNT XXIV - VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST RAFAEL ALFREDO ROJAS VEGA

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

211.     Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, has a statutory right of publicity under Section 540.08, Florida Statutes.

212.     Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

213.     Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

214.     Defendant never sought permission nor authority to use Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

215.     Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

216.     Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

217.     Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE

41

TRUJILLO, of a property interest during the entire time period in which the unauthorized use took place.

218.     At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, rights.

219.     Alternatively, Defendant acted negligently towards Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

220.     Defendant has caused and will continue to cause irreparable harm to Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, his reputation and brand by attributing Plaintiff to *Griselda*.

221.     Defendant has also damaged Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MICHAEL SEPULVEDABLANCO.

WHEREFORE, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

### COUNT XXV- VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST LUIS BALAGUER

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

222.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, has a statutory right of publicity under Section 540.08, Florida Statutes.

223.    Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

224.    Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

225.    Defendant never sought permission nor authority to use Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

226.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

43

227.    Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

228.    Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, of a property interest during the entire time period in which the unauthorized use took place.

229.    At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, rights.

230.    Alternatively, Defendant acted negligently towards Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

231.    Defendant has caused and will continue to cause irreparable harm to Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, his reputation and brand  by attributing Plaintiff to *Griselda*.

232.    Defendant has also damaged Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, as a direct and

44

proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

WHEREFORE, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## COUNT XXVI- VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST MELISSA ESCOBAR

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

233.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, has a statutory right of publicity under Section 540.08, Florida Statutes.

234.    Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

235.    Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

Composite Exhibit A, Page 48 of 88

236. Defendant never sought permission nor authority to use Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

237. Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

238. Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

239. Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, of a property interest during the entire time period in which the unauthorized use took place.

240. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, rights.

241. Alternatively, Defendant acted negligently towards Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE

TRUJILLO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

242.    Defendant has caused and will continue to cause irreparable harm to Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, his reputation and brand by attributing Plaintiff to *Griselda*.

243.    Defendant has also damaged Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

WHEREFORE, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

## COUNT XXVII - VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST SOFIA MARGARITA VERGARA

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

244.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, has a statutory right of publicity under Section 540.08, Florida Statutes.

245.     Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

246.     Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

247.     Defendant never sought permission nor authority to use Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

248.     Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

249.     Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

250.     Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE

TRUJILLO, of a property interest during the entire time period in which the unauthorized use took place.

251.    At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, rights.

252.    Alternatively, Defendant acted negligently towards Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

253.    Defendant has caused and will continue to cause irreparable harm to Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, his reputation and brand  by attributing Plaintiff to *Griselda*.

254.    Defendant has also damaged Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, as a direct and proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

WHEREFORE, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

49

### COUNT XXVIII- VIOLATION OF FLA. STAT. § 540.08 - UNAUTHORIZED PUBLICATION NAME OR LIKENESS AGAINST LATIN WORLD ENTERTAINMENT HOLDINGS, INC.

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

255. Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, has a statutory right of publicity under Section 540.08, Florida Statutes.

256. Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

257. Despite the clear language of Section 540.08, Defendant, published Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity on its website, among others, in order to promote, advertise and market *Griselda*.

258. Defendant never sought permission nor authority to use Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity to advertise, promote, market or endorse *Griselda*.

259. Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness and/or identity to advertise, promote, market or endorse Griselda.

50

260.    Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, image, likeness and/or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed above.

261.    Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, of a property interest during the entire time period in which the unauthorized use took place.

262.    At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, rights.

263.    Alternatively, Defendant acted negligently towards Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, in using and disseminating, without authority, his image, likeness and/or identity on Defendant's website in order to promote, advertise and market *Griselda*.

264.    Defendant has caused and will continue to cause irreparable harm to Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, his reputation and brand by attributing Plaintiff to *Griselda*.

265.    Defendant has also damaged Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, as a direct and

proximate result of its unauthorized use of Plaintiff' image, likeness and/or identity without compensating Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

WHEREFORE, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, respectfully requests judgment against Defendant for all remedies available under Fla. Stat. § 540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and fair.

### COUNT XXIX– MISAPPROPRIATION AGAINST NETFLIX, INC.

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

266.    At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

267.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

268.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

269. Any disclosures of the stories contained within Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, artistic literary work was strictly made in confidence.

270. At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

271. Defendant has misappropriated Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MICHAEL SEPULVEDABLANCO, ideas.

**WHEREFORE**, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, demands judgment against Defendant, NETFLIX, INC., for the reasonable value of the services provided and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XXX– MISAPPROPRIATION AGAINST ANDRES HERNANDO LOPEZ

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

53

272.     At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

273.     Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

274.     Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

275.     Any disclosures of the stories contained within Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, artistic literary work was strictly made in confidence.

276.     At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

277.     Defendant has misappropriated Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas, Defendant's continued use, promotion,

advertisement, marketing and distribution of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas.

**WHEREFORE**, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, demands judgment against Defendant, ANDRES HERNANDO LOPEZ, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XXXI– MISAPPROPRIATION AGAINST RAFAEL ALFREDO ROJAS VEGA

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

278.   At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

279.   Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

280.   Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

281.   Any disclosures of the stories contained within Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE

Composite Exhibit A, Page 58 of 88

TRUJILLO, artistic literary work was strictly made in confidence.

282.    At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

283.    Defendant has misappropriated Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas.

**WHEREFORE**, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, demands judgment against Defendant, RAFAEL ALFREDO ROJAS VEGA, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XXXII– MISAPPROPRIATION AGAINST LUIS BALAGUER

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

284.    At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, spent several years creating and developing artistic literary work documenting private narratives of his and his

56

mother's life. Such artistic literary work was novel, original and unique.

285.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

286.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

287.    Any disclosures of the stories contained within Plaintiff's MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, artistic literary work was strictly made in confidence.

288.    At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

289.    Defendant has misappropriated Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas.

**WHEREFORE**, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, demands judgment against Defendant, LUIS BALAGUER, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XXXIII– MISAPPROPRIATION AGAINST MELISSA ESCOBAR

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

290.    At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, spent several years creating and developing a artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

291.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

292.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, BLANK, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

293.    Any disclosures of the stories contained within Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, artistic literary work was strictly made in confidence.

294.    At all times material hereto, Plaintiff took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application

58

(Serial Numbers: 97894245 and 97912467).

295.    Defendant has misappropriated Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's ideas, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas.

**WHEREFORE**, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, demands judgment against Defendant, MELISSA ESCOBAR, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## COUNT XXXIV– MISAPPROPRIATION AGAINST SOFIA MARGARITA VERGARA

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

296.    At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work artistic literary work was novel, original and unique.

297.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

298.     Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

299.     Any disclosures of the stories contained within Plaintiff's MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, artistic literary work was strictly made in confidence.

300.     At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

301.     Defendant has misappropriated Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas.

**WHEREFORE**, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, demands judgment against Defendant, SOFIA MARGARITA VERGARA, for damages and in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

60

## COUNT XXXV– MISAPPROPRIATION AGAINST LATIN WORLD ENTERTAINMENT HOLDINGS, INC.

Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, re-alleges and re-adopts paragraphs 1-26, as though fully set forth herein and alternatively and/or concurrently states:

302.    At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, spent several years creating and developing artistic literary work documenting private narratives of his and his mother's life. Such artistic literary work was novel, original and unique.

303.    Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, made substantial investment of time, novel concepts, ideas and other valuable resources into the creation of his artistic literary work.

304.    Defendant had no prior knowledge of the stories contained in the artistic literary work and only gained knowledge of the stories solely from confidential discussions with Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO.

305.    Any disclosures of the stories contained within Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, artistic literary work was strictly made in confidence.

306.    At all times material hereto, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, took necessary precautions to protect his creation, design and development of his artistic literary work by filing a Trademark Application (Serial Numbers: 97894245 and 97912467).

307.    Defendant has misappropriated Plaintiff's, MARIE SEPULVEDABLANCO, as

61

Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO,  ideas in connection with the stories contained in the artistic literary work, including but not limited to its adoption and use of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas, Defendant's continued use, promotion, advertisement, marketing and distribution of Plaintiff's, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, ideas.

**WHEREFORE**, Plaintiff, MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, demands judgment against Defendant, RAFAEL ALFREDO ROJAS VEGA, damages, and, in addition, interest (at the highest rate permitted by law), costs, attorney fees, and any such further relief as is just, equitable, and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury on all issues triable as of right by a jury.

**DATED**: January 17, 2024.

**Jimenez Mazzitelli Mordes**
*Counsel for Plaintiff*
9350 South Dixie Highway
PH 05
Miami, FL 33156
Telephone: (305) 548-8750

/s/ Carlos Jimenez_____
CARLOS JIMENEZ (FBN: 94662)
carlos@jmmlawfirm.com
BENJAMIN MORDES (FBN: 75370)
benjamin@jmmlawfirm.com

**Law Offices of Elysa Galloway**
Counsel for Plaintiff
PO Box 5131
Lighthouse Point, FL 33074-5131

62

Office: (954) 998-3828

/s/ Elysa Galloway
ELYSA GALLOWAY (FBN: 1022194)
elysa@elysagallowaylaw.com

63

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CIVIL DIVISION:

CASE NO.:

MICHAEL SEPULVEDABLANCO,
and MARIE SEPULVEDABLANCO,
formerly known as MARIE
RAMIREZ DE ARELLANO as
Personal Representative of the Estate
of GRISELDA BLANCO DE
TRUJILLO,

        Plaintiffs,

v.

ANDRES HERNANDO LOPEZ, RAFAEL
ROJAS, LUIS BALGUER, SOFIA
MARGARITA VERGARA, LATIN WORLD
ENTERTAINMENT HOLDINGS, INC., and
NETFLIX, INC.,

        Defendants.

_____/

## **EMERGENCY VERIFIED MOTION FOR TEMPORARY INJUNCTION**

Plaintiffs, MICHAEL SEPULVEDABLANCO, and MARIE SEPULVEDABLANCO [1], by

and through undersigned counsel, moves this Court for the entry of a Temporary Injunction against

Defendant, NETFLIX, INC., enjoining this Defendant from (a) releasing *Griselda*, which is

scheduled to be released by Netflix, Inc. on January 25, 2024; (b) using any unauthorized artistic

literary work of Plaintiff; and (c) using any other unauthorized content of Plaintiff. In support

thereof, Plaintiff shows the court as follows:

_____

[1] MARIE SEPULVEDABLANCO is the putative personal representative of the Estate of Griselda
Blanco De Trujillo and is in the process of being duly appointed as the personal representative of
said estate.

I.     **Relevant Background**

1.     At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO is a prominent figure in the media entertainment industry as: an author, tv personality, public figure, businessman and the son of Decedent, Griselda Blanco De Trujillo.

2.     Plaintiff, MICHAEL SEPULVEDABLANCO, has devoted several years to meticulously documenting the private narratives of his, as well as his mother's life, with the intention of publishing a book and developing a Spanish soap opera.

3.     On or about 2009, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, entered into an agreement with Plaintiff, MICHAEL SEPULVEDABLANCO, regarding the use of his artistic literary work.

4.     The agreement included Defendants', ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, intention to assist Plaintiff, MICHAEL SEPULVEDABLANCO, in the publication of his book, as well as assist Plaintiff, MICHAEL SEPULVEDABLANCO, in creating/developing/producing a Spanish soap opera based on his book.

5.     From 2009 to 2022, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, would interview Plaintiff, MICHAEL SEPULVEDABLANCO, as well as audio-record sessions where Plaintiff, MICHAEL SEPULVEDABLANCO, would recount private details from his artistic literary work about his family's life. Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA also came into physical possession of Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

6.     In 2016, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that they would begin

pitching his artistic literary work to different Latin production companies, as well as secure a publishing deal for his book. Thereafter, Defendant, RAFAEL ALFREDO ROJAS VEGA, through an exchange of voice messages via WhatsApp advised Plaintiff, MICHAEL SEPULVEDABLANCO, that he did in fact share Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work with Defendant, ANDRES HERNANDO LOPEZ right before a meeting with Defendants, NETFLIX, INC.

7.      After the meeting with Defendant, NETFLIX, INC., Defendant, ANDRES HERNANDO LOPEZ, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that he had a meeting with Defendant, NETFLIX, INC., however, they had opted out of using Plaintiff's, MICHAEL SEPULVEDABLANCO, consultations, or any of his artistic literary work.

8.      Subsequently, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, ceased all communication with Plaintiff, MICHAEL SEPULVEDABLANCO, and instead, proceeded to actively market and sell Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased, private artistic literary work to Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC., without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization.

9.      Plaintiff, MICHAEL SEPULVEDABLANCO, was made aware of the limited series through news publications of the project named *Griselda* by Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC. It was at the moment Plaintiff, MICHAEL SEPULVEDABLANCO reached out to Defendant, RAFAEL ALFREDO ROJAS VEGA, who confirmed he did in fact share all of Plaintiff, MICHAEL SEPULVEDABLANCO,

artistic literary work to Defendant, ANDRES HERNANDO LOPEZ, without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization via email prior to ceasing all communication with Plaintiff, MICHAEL SEPULVEDABLANCO.

10.     In 2021, immediately upon this discovery, Plaintiff, MICHAEL SEPULVEDABLANCO, met with Defendant, LUIS BALAGUER, to discuss the project named *Griselda* and Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

11.     During this meeting, MICHAEL SEPULVEDABLANCO again offered to provide consultations, or any of his artistic literary work for the project named *Griselda*. In response, Defendant, LUIS BALAGUER, boasted that Defendants had no need for Plaintiff, MICHAEL SEPULVEDABLANCO. Defendant, LUIS BALAGUER, further confirmed to Plaintiff, MICHAEL SEPULVEDABLANCO, that Defendants did in fact have Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. This occurred when Defendant, LUIS BALAGUER, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that Defendants would not use a specific scene referenced within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. Plaintiff, MICHAEL SUPELVEDABLANCO, had asked Defendant, LUIS BALAGUER, how he had knowledge of this specific scene.

12.     It was in that moment, at the meeting, Plaintiff, MICHAEL SEPULVEDABLANCO, provided Defendant, LUIS BALAGUER, notice that this scene was his artistic literary work, also asking Defendant, LUIS BALAGUER, if he was or had been working with Defendant, ANDRES HERNANDO LOPEZ, because only four individuals knew about this scene. Defendant, LUIS BALAGUER, confirmed he in fact had worked with Defendant, ANDRES HERNANDO LOPEZ, in the beginning stages of the project *Griselda*.

13.     The following day after the meeting, Plaintiff, MICHAEL

SEPULVEDABLANCO, advised Defendant, ANDRES HERNANDO LOPEZ, that he spoke to Defendant, LUIS BALAGUER and Defendant, ANDRES HERNANDO LOPEZ, confirmed they had opted out of using Plaintiff's, MICHAEL SEPULVEDABLANCO, consultations, or any of his artistic literary work because when Defendant, ANDRES HERNANDO LOPEZ, met with Defendant, NETFLIX, INC., he wrongfully provided Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization.

14.  Overall, Defendant, LUIS BALAGUER, confirmed that Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work had been provided to Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC, to create a limited series based on Plaintiff's, MICHAEL SEPULVEDABLANCO, family.

15.  The limited series *Griselda*, produced by Defendants, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR, and SOFIA VERGARA, is now set to premiere on January 25, 2024, on Defendant's, NETFLIX, INC., streaming platform.

16.  Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased and private artistic literary work is used to depict the life story of himself and his mother, Griselda Blanco De Trujillo, in this limited series, *Griselda*, produced by LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR and SOFIA VERGARA, with no credit to Plaintiff, MICHAEL SEPULVEDABLANCO, for his artistic literary work.

17.  To date, Defendant, NETFLIX, INC., has not properly credited Plaintiff, MICHAEL SEPULVEDABLANCO, for any of his artistic work that will be used in the series

*Griselda.*

## II.  <u>Legal Standard for a Temporary Injunction</u>

A movant is entitled to a temporary injunction where it shows: "(1) the substantial likelihood of success on the merits, (2) the likelihood of irreparable harm, (3) the unavailability of an adequate remedy at law, (4) the threatened injury outweighs the possible harm, and (5) and the issuance of the temporary injunction will not disserve the public interest." *City of Miami Beach v. Kuoni Destination Mgmt., Inc.,* 81 So. 3d 530, 532 (Fla. 3d DCA 2012).

### A.  Likelihood of Irreparable Harm and Unavailability of Adequate Remedy at Law

Commenting on the appropriate relief for a party's breach of agreement to give proper screen credit, the Court in *Tamarind Lithography Workshop, Inc. v. Sanders*, 193 Cal. Rptr. 409, 413 (Cal. Ct. App. 1983) noted that: "[n]ot only would money damages be difficult to establish, but at best they would hardly compensate for the real injury. A writer's reputation, which would be greatly enhanced by public credit for authorship of an outstanding picture, is his stock in trade; it is clear that irreparable injury would follow the failure to give screen credit if in fact he is entitled to it." *Id.*

The Court in *Sanders* eventually held that although a jury could assess the monetary damages for the [past] loss of publicity, pecuniary compensation for [plaintiff's] future harm is not a fully adequate remedy. As such, the court concluded that Plaintiff was entitled to relief consisting of the damages recovered for **past** harm, and an injunction against **future** injury. *Id.*

Similar to the facts in *Sanders*, Plaintiff, MICHAEL SEPULVEDABLANCO, will suffer immediate and irreparable injury, loss, or damage unless Defendant, NETFLIX, INC., is enjoined from airing the series *Griselda* without the corrected screen credit. Specifically, the Defendant's ongoing failure to credit Plaintiff, MICHAEL SEPULVEDABLANCO, continues to deplete

potential career opportunities, abrogate current and future publicity, and damage his reputation in the entertainment community.

Plaintiff, MICHAEL SEPULVEDABLANCO, has no adequate remedy at law, or otherwise, for the harm or damage caused by Defendant's release of *Griselda* without proper credit. A monetary award would not adequately remedy the current and future career, publicity, and reputation impairment to Plaintiff, MICHAEL SEPULVEDABLANCO.

**B. Likelihood Of Success on The Merits**

There is a substantial likelihood of success on the merits because, as pleaded in the Complaint, Plaintiff, MICHAEL SEPULVEDABLANCO, has established there was a valid agreement between Defendants, a clear and material breach, misappropriation, misrepresentation, and resulting damages.

Specifically, Plaintiff, MICHAEL SEPULVEDABLANCO, and Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, entered into an agreement in 2008. The existence is not in dispute, as Defendants have previously acknowledged, through their actions and conduct by assisting Plaintiff, MICHAEL SEPULVEDABLANCO, with the development of his book and soap opera, that an agreement existed.

The terms of the agreement required Defendants to compensate Plaintiff, MICHAEL SEPULVEDABLANCO, for his consultation services, award him writing credit, and use his artistic literary work in any production based on his, or his mother's life. Defendant, NETFLIX, INC., knew or should have known of this agreement between Plaintiff, MICHAEL SEPULVEDABLANCO, and Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA.

There was a clear and material breach of said agreement as Defendant, NETFLIX, INC., has failed to award Plaintiff, MICHAEL SEPULVEDABLANCO, credit – amongst other things. Again, this fact is not in dispute, a simple viewing of the series will show that other individuals, including Defendants, LUIS BALAGUER, and SOFIA MARGARITA VERAGRA, were awarded producer credit, not Plaintiff, MICHAEL SEPULVEDABLANCO.

Plaintiff, MICHAEL SEPULVEDABLANCO is sustaining and will continue to sustain substantial damages due to Defendants' material breach of their agreement. Specifically, Plaintiff's, MICHAEL SEPULVEDABLANCO, career, publicity and reputation are, and will be damaged due to Defendants' refusal to credit Plaintiff, MICHAEL SEPULVEDABLANCO, with his artistic literary work.

### C.  The Threatened Injury to Plaintiff Outweighs Possible Harm to Defendant

The threatened injury to Plaintiff, MICHAEL SEPULVEDABLANCO, substantially outweighs the possible harm to Defendant, NETFLIX, INC. Specifically, requiring Defendant to stop airing the series *Griselda* may result in a loss of some potential revenue that could be recouped easily. Conversely, allowing Defendant, NETFLIX, INC., to repeatedly air *Griselda* without proper credit continues to substantially damage Plaintiff's, MICHAEL SEPULVEDABLANCO career, publicity, and reputation – future damages which can only be remedied with an injunction.

### D.  Entry of an Injunction will Not Disserve the Public

The entry of an injunction will not disserve the public interest. Instead, allowing Defendant, NETFLIX, INC., to air the series during the pendency of this action without the proper credit only serves to continually misinform the public as to the series' major contributors.

As such, Defendant, NETFLIX, should be enjoined from releasing *Griselda* during the pendency of this action.

JIMENEZ MAZZITELLI MORDES
9350 S. DIXIE HWY, PH 5, MIAMI, FL 33156 · TELEPHONE: (305) 548-8750

## CONCLUSION

For all of the foregoing reasons, Plaintiffs, MICHAEL SEPULVEDABLANCO, and MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, requests that this Court enter a Temporary Injunction against Defendant, NETFLIX. INC., enjoining this Defendant from (a) releasing *Griselda*, which is scheduled to be released by Netflix, Inc. on January 25, 2024; (b) using any unauthorized artistic literary work of Plaintiff; and (c) using any other content of Plaintiff. Plaintiffs are willing to tender a bond in an amount the Court deems proper.

## VERIFICATION PURSUANT TO FLA. STAT § 92.525 AND FLORIDA RULE OF CIVIL PROCEDURE 1.610

Under penalties of perjury, I, Benjamin Mordes, declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

*/s/ Benjamin Mordes*

## CERTIFICATE OF SERVICE

Under penalties of perjury, I, Benjamin Mordes, certify that a true and correct copy of the foregoing document will be served with the Summons and Complaint to Netflix Inc., c/o Adam Wactlar, at 5808 W. Sunset Blvd., Los Angeles, CA 90028.

*/s/ Benjamin Mordes*

**Jimenez Mazzitelli Mordes**
*Counsel for Plaintiff*
9350 South Dixie Highway
PH 05
Miami, FL 33156
Telephone: (305) 548-8750

*/s/ Benjamin Mordes*
CARLOS JIMENEZ (FBN: 94662)
carlos@jmmlawfirm.com
BENJAMIN MORDES (FBN: 75370)

benjamin@jmmlawfirm.com

10

JIMENEZ MAZZITELLI MORDES
9350 S. DIXIE HWY, PH 5, MIAMI, FL 33156 · TELEPHONE: (305) 548-8750

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION:

CASE NO.: 2024-000916-CA-01

MICHAEL SEPULVEDABLANCO, and MARIE SEPULVEDABLANCO, formerly known as MARIE RAMIREZ DE ARELLANO as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO,

      Plaintiffs,

v.

ANDRES HERNANDO LOPEZ, RAFAEL ALFREDO ROJAS VEGA, LUIS BALGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC.,

      Defendants.

_____/

## AMENDED EMERGENCY VERIFIED MOTION FOR TEMPORARY INJUNCTION

Plaintiffs, MICHAEL SEPULVEDABLANCO, and MARIE SEPULVEDABLANCO [1], by and through undersigned counsel, moves this Court for the entry of a Temporary Injunction against Defendant, NETFLIX, INC., enjoining this Defendant from (a) releasing *Griselda*, which is scheduled to be released by Netflix, Inc. on January 25, 2024; (b) using any unauthorized artistic literary work of Plaintiff; and (c) using any other unauthorized content of Plaintiff. In support

_____

[1] MARIE SEPULVEDABLANCO is the putative personal representative of the Estate of Griselda Blanco De Trujillo and is in the process of being duly appointed as the personal representative of said estate.

thereof, Plaintiff shows the court as follows:

### I.  **Relevant Background**

1.  At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO is a prominent figure in the media entertainment industry as: an author, tv personality, public figure, businessman and the son of Decedent, Griselda Blanco De Trujillo.

2.  Plaintiff, MICHAEL SEPULVEDABLANCO, has devoted several years to meticulously documenting the private narratives of his, as well as his mother's life, with the intention of publishing a book and developing a Spanish soap opera.

3.  On or about 2009, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, entered into an agreement with Plaintiff, MICHAEL SEPULVEDABLANCO, regarding the use of his artistic literary work.

4.  The agreement included Defendants', ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, intention to assist Plaintiff, MICHAEL SEPULVEDABLANCO, in the publication of his book, as well as assist Plaintiff, MICHAEL SEPULVEDABLANCO, in creating/developing/producing a Spanish soap opera based on his book.

5.  From 2009 to 2022, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, would interview Plaintiff, MICHAEL SEPULVEDABLANCO, as well as audio-record sessions where Plaintiff, MICHAEL SEPULVEDABLANCO, would recount private details from his artistic literary work about his family's life. Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, also came into physical possession of Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

6.  In 2016, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO

ROJAS VEGA, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that they would begin pitching his artistic literary work to different Latin production companies, as well as secure a publishing deal for his book. Thereafter, Defendant, RAFAEL ALFREDO ROJAS VEGA, through an exchange of voice messages via WhatsApp advised Plaintiff, MICHAEL SEPULVEDABLANCO, that he did in fact share Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work with Defendant, ANDRES HERNANDO LOPEZ, right before a meeting with Defendant, NETFLIX, INC.

7.      After the meeting with Defendant, NETFLIX, INC., Defendant, ANDRES HERNANDO LOPEZ, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that he had a meeting with Defendant, NETFLIX, INC., however, they had opted out of using Plaintiff's, MICHAEL SEPULVEDABLANCO, consultations, or any of his artistic literary work.

8.      Subsequently, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, ceased all communication with Plaintiff, MICHAEL SEPULVEDABLANCO, and instead, proceeded to actively market and sell Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased, private artistic literary work to Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC., without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization.

9.      Plaintiff, MICHAEL SEPULVEDABLANCO, was made aware of the limited series through news publications of the project named *Griselda* by Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC. It was at the moment Plaintiff, MICHAEL SEPULVEDABLANCO reached out to Defendant, RAFAEL ALFREDO ROJAS

VEGA, who confirmed he did in fact share all of Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work to Defendant, ANDRES HERNANDO LOPEZ, without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization via email prior to ceasing all communication with Plaintiff, MICHAEL SEPULVEDABLANCO.

10.    In 2021, immediately upon this discovery, Plaintiff, MICHAEL SEPULVEDABLANCO, met with Defendant, LUIS BALAGUER, to discuss the project named *Griselda* and Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

11.    During this meeting, MICHAEL SEPULVEDABLANCO, again offered to provide consultations, or any of his artistic literary work for the project named *Griselda*. In response, Defendant, LUIS BALAGUER, boasted that Defendants had no need for Plaintiff, MICHAEL SEPULVEDABLANCO. Defendant, LUIS BALAGUER, further confirmed to Plaintiff, MICHAEL SEPULVEDABLANCO, that Defendants did in fact have Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. This occurred when Defendant, LUIS BALAGUER, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that Defendants would not use a specific scene referenced within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. Plaintiff, MICHAEL SUPELVEDABLANCO, had asked Defendant, LUIS BALAGUER, how he had knowledge of this specific scene.

12.    It was in that moment, at the meeting, Plaintiff, MICHAEL SEPULVEDABLANCO, provided Defendant, LUIS BALAGUER, notice that this scene was his artistic literary work, also asking Defendant, LUIS BALAGUER, if he was or had been working with Defendant, ANDRES HERNANDO LOPEZ, because only four individuals knew about this scene. Defendant, LUIS BALAGUER, confirmed he in fact had worked with Defendant, ANDRES HERNANDO LOPEZ, in the beginning stages of the project *Griselda*.

13.    The following day after the meeting, Plaintiff, MICHAEL SEPULVEDABLANCO, advised Defendant, ANDRES HERNANDO LOPEZ, that he spoke to Defendant, LUIS BALAGUER and Defendant, ANDRES HERNANDO LOPEZ, confirmed they had opted out of using Plaintiff's, MICHAEL SEPULVEDABLANCO, consultations, or any of his artistic literary work because when Defendant, ANDRES HERNANDO LOPEZ, met with Defendant, NETFLIX, INC., he wrongfully provided Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization.

14.    Defendant, LUIS BALAGUER, confirmed that Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work had been provided to Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC, to create a limited series based on Plaintiff's, MICHAEL SEPULVEDABLANCO, family.

15.    The limited series *Griselda*, produced by Defendants, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR, and SOFIA VERGARA, is now set to premiere on January 25, 2024, on Defendant's, NETFLIX, INC., streaming platform.

16.    Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased and private artistic literary work is used to depict the life story of himself and his mother, Griselda Blanco De Trujillo, in this limited series, *Griselda*, produced by LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR and SOFIA VERGARA, with no credit to Plaintiff, MICHAEL SEPULVEDABLANCO, for his artistic literary work.

17.    To date, Defendant, NETFLIX, INC., has not properly credited Plaintiff,

MICHAEL SEPULVEDABLANCO, for any of his artistic work that will be used in the series *Griselda*.

## II.      Legal Standard for a Temporary Injunction

A movant is entitled to a temporary injunction where it shows: "(1) the substantial likelihood of success on the merits, (2) the likelihood of irreparable harm, (3) the unavailability of an adequate remedy at law, (4) the threatened injury outweighs the possible harm, and (5) and the issuance of the temporary injunction will not disserve the public interest." *City of Miami Beach v. Kuoni Destination Mgmt., Inc.,* 81 So. 3d 530, 532 (Fla. 3d DCA 2012).

### A. Likelihood of Irreparable Harm and Unavailability of Adequate Remedy at Law

Commenting on the appropriate relief for a party's breach of agreement to give proper screen credit, the Court in *Tamarind Lithography Workshop, Inc. v. Sanders*, 193 Cal. Rptr. 409, 413 (Cal. Ct. App. 1983) noted that: "[n]ot only would money damages be difficult to establish, but at best they would hardly compensate for the real injury. A writer's reputation, which would be greatly enhanced by public credit for authorship of an outstanding picture, is his stock in trade; it is clear that irreparable injury would follow the failure to give screen credit if in fact he is entitled to it." *Id.*

The Court in *Sanders* eventually held that although a jury could assess the monetary damages for the [past] loss of publicity, pecuniary compensation for [plaintiff's] future harm is not a fully adequate remedy. As such, the court concluded that Plaintiff was entitled to relief consisting of the damages recovered for **past** harm, and an injunction against **future** injury. *Id.*

Similar to the facts in *Sanders*, Plaintiff, MICHAEL SEPULVEDABLANCO, will suffer immediate and irreparable injury, loss, or damage unless Defendant, NETFLIX, INC., is enjoined from airing the series *Griselda* without the corrected screen credit. Specifically, the Defendant's

ongoing failure to credit Plaintiff, MICHAEL SEPULVEDABLANCO, continues to deplete potential career opportunities, abrogate current and future publicity, and damage his reputation in the entertainment community.

Plaintiff, MICHAEL SEPULVEDABLANCO, has no adequate remedy at law, or otherwise, for the harm or damage caused by Defendant's release of *Griselda* without proper credit. A monetary award would not adequately remedy the current and future career, publicity, and reputation impairment to Plaintiff, MICHAEL SEPULVEDABLANCO.

**B.  Likelihood Of Success on The Merits**

There is a substantial likelihood of success on the merits because, as pleaded in the Complaint, Plaintiff, MICHAEL SEPULVEDABLANCO, has established there was a valid agreement between Defendants, a clear and material breach, misappropriation, misrepresentation, and resulting damages.

Specifically, Plaintiff, MICHAEL SEPULVEDABLANCO, and Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, entered into an agreement in 2008. The existence is not in dispute, as Defendants have previously acknowledged, through their actions and conduct by assisting Plaintiff, MICHAEL SEPULVEDABLANCO, with the development of his book and soap opera, that an agreement existed.

The terms of the agreement required Defendants to compensate Plaintiff, MICHAEL SEPULVEDABLANCO, for his consultation services, award him writing credit, and use his artistic literary work in any production based on his, or his mother's life. Defendant, NETFLIX, INC., knew or should have known of this agreement between Plaintiff, MICHAEL SEPULVEDABLANCO, and Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA.

There was a clear and material breach of said agreement as Defendant, NETFLIX, INC., has failed to award Plaintiff, MICHAEL SEPULVEDABLANCO, credit – amongst other things. Again, this fact is not in dispute, a simple viewing of the series will show that other individuals, including Defendants, LUIS BALAGUER, and SOFIA MARGARITA VERAGRA, were awarded producer credit, not Plaintiff, MICHAEL SEPULVEDABLANCO.

Plaintiff, MICHAEL SEPULVEDABLANCO is sustaining and will continue to sustain substantial damages due to Defendants' material breach of their agreement. Specifically, Plaintiff's, MICHAEL SEPULVEDABLANCO, career, publicity and reputation are, and will be damaged due to Defendants' refusal to credit Plaintiff, MICHAEL SEPULVEDABLANCO, with his artistic literary work.

### C.  The Threatened Injury to Plaintiff Outweighs Possible Harm to Defendant

The threatened injury to Plaintiff, MICHAEL SEPULVEDABLANCO, substantially outweighs the possible harm to Defendant, NETFLIX, INC. Specifically, requiring Defendant to stop airing the series *Griselda* may result in a loss of some potential revenue that could be recouped easily. Conversely, allowing Defendant, NETFLIX, INC., to repeatedly air *Griselda* without proper credit continues to substantially damage Plaintiff's, MICHAEL SEPULVEDABLANCO career, publicity, and reputation – future damages which can only be remedied with an injunction.

### D.  Entry of an Injunction will Not Disserve the Public

The entry of an injunction will not disserve the public interest. Instead, allowing Defendant, NETFLIX, INC., to air the series during the pendency of this action without the proper credit only serves to continually misinform the public as to the series' major contributors.

As such, Defendant, NETFLIX, should be enjoined from releasing *Griselda* during the pendency of this action.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs, MICHAEL SEPULVEDABLANCO, and MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, requests that this Court enter a Temporary Injunction against Defendant, NETFLIX. INC., enjoining this Defendant from (a) releasing *Griselda*, which is scheduled to be released by Netflix, Inc. on January 25, 2024; (b) using any unauthorized artistic literary work of Plaintiff; and (c) using any other content of Plaintiff. Plaintiffs are willing to tender a bond in an amount the Court deems proper.

## VERIFICATION PURSUANT TO FLA. STAT § 92.525 AND FLORIDA RULE OF CIVIL PROCEDURE 1.610

Under penalties of perjury, I, Benjamin Mordes, declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

*/s/ Benjamin Mordes*

## CERTIFICATE OF SERVICE

Under penalties of perjury, I, Benjamin Mordes, certify that Defendant, Netflix, Inc., has been notified in an attempt to resolve the matter in an amicable manner, a true and correct copy of the foregoing document will be served with the Summons and Complaint to Netflix Inc., c/o Adam Wactlar, at 5808 W. Sunset Blvd., Los Angeles, CA 90028, and that this matter is a true emergency and cannot wait to be heard during a special set hearing.

*/s/ Benjamin Mordes*

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

**Jimenez Mazzitelli Mordes**
*Counsel for Plaintiff*
9350 South Dixie Highway
PH 05
Miami, FL 33156
Telephone: (305) 548-8750

*/s/ Benjamin Mordes*
CARLOS JIMENEZ (FBN: 94662)
carlos@jmmlawfirm.com
BENJAMIN MORDES (FBN: 75370)
benjamin@jmmlawfirm.com

**Law Offices of Elysa Galloway**
*Counsel for Plaintiff*
PO Box 5131
Lighthouse Point, FL 33074-5131
Office: (954) 998-3828

/s/ Elysa Galloway
ELYSA GALLOWAY (FBN: 1022194)
elysa@elysagallowaylaw.com

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2024-000916-CA-01

MICHAEL SEPULVEDABLANCO, AND MARIE SEPULVEDABLANCO, formerly known as MARIE RAMIREZ DE ARELLANO as personal representative of the estate of GRISELDA BLANCO DE TRUJILLO,

       Plaintiffs,

v.

ANDRES HERNANDO LOPEZ, RAFAEL ROJAS, LUIS BALGUER, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC.,

       Defendants.

_____ /

**THE STATE OF FLORIDA:**
**To Each Sheriff of Said State:**

       **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint to Defendant:

LATIN WORLD ENTERTAINMENT HOLDINGS, INC.,
c/o Corporate Creations Network, Inc.
801 US Hwy 1
North Palm Beach, FL 33408

**Each Defendant is required to serve written defenses to the Complaint to Plaintiff's Attorneys:**

**JIMENEZ MAZZITELLI MORDES**
9350 S. Dixie Hwy, PH 5
Miami, FL 33156
Telephone: (305) 548-8750
Email: service@jmmlawfirm.com

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will

be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of the Court on _____1/19/2024_____, _____.

Juan Fernandez-Barquin,
Clerk of the Court and Comptroller   By: _____

DEPUTY CLERK

(COURT SEAL)