IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL SEPULVEDABLANCO,
and MARIE SEPULVEDABLANCO,
formerly known as MARIE RAMIREZ
DE ARELLANO as Personal Representative
of the Estate of GRISELDA BLANCO
DE TRUJILLO,

    Plaintiffs,

vs.

CASE NO.: 1:24-cv-20240-DPG

ANDRES HERNANDO LOPEZ, RAFAEL ALFREDO ROJAS VEGA, LUIS BALGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC.,

    Defendants.
_____/

## EMERGENCY MOTION FOR REMAND

Plaintiffs, MICHAEL SEPULVEDABLANCO and MARIE SEPULVEDABLANCO, formerly known as MARIE RAMIREZ DE ARELLANO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO ("Plaintiffs"), through counsel, moves this Court to grant their Emergency Motion for Remand (the "Motion") and remand this action to State Court In support of their Motion, Plaintiffs state as follows:

### RELEVANT FACTS

1. This matter was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on January 17, 2024, along with an Emergency Verified Motin for Temporary Injunction against Defendant, Netflix, Inc., to enjoin the Defendant from

releasing a limited-series, *Griselda*, scheduled to be released **this Thursday, January 25, 2024.** *See* https://www.netflix.com/title/81133447

2. Immediate consideration of Plaintiffs' Emergency Motion to Remand is requested because the Complaint filed in the state court action was filed with an Emergency Motion for Temporary Injunction which was set to be heard by the Honorable Spencer Eig on January 22, 2024, at 3:30 pm EST.

2. On January 22, 2024, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1331. Defendant bases its Notice of Removal on the fact that "Plaintiffs' claims are grounded in the Copyright Act, completely preempted, and thus subject to federal jurisdiction." (Def. Notice of Removal, ¶ 7).

3. Plaintiffs' claims, however, are neither grounded nor premised upon alleged violations of unlawfully producing, preparing derivative works, or distributing copies of materials protected by the federal Copyright Act [17 U.S.C. §§ 102-103] ("Copyright Act") but brought solely under state law claims.

4. Plaintiffs request that the Emergency Motion to Remand be considered immediately or in the alternative that the Court consider Plaintiffs' Emergency Verified Motion for Preliminary Injunction before Defendant's, Netflix, Inc., limited-series, *Griselda*, is released on **Thursday, January 25, 2024.**

## MEMORANDUM OF LAW

### I. STANDARD AND BURDEN FOR REMOVAL

A federal court should remand to state court any case that has been improperly removed. *See* 28 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden

of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189, (1936).

"Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). "Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987). In other words, "[f]ederal question jurisdiction exists only when the 'well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1472 (11th Cir. 1997).

In evaluating whether the "particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

## II.    THE COPYRIGHT ACT

Federal courts have exclusive jurisdiction over claims "arising under" the Copyright Act. *See* 28 U.S.C. §§ 1331, 1338. A claim "arises under" the Copyright Act if and only if the complaint seeks remedies expressly granted by the Copyright Act. *See Fidogenx, LLC v. GMH Tequesta Holdings, LLC*, No. 22-CV-80914-DMM, 2022 WL 18108495 (S.D. Fla. Dec. 15, 2022) (quoting *Goodman v. Lee*, 815 F.2d 1030 (5th Cir. 1987)).

The Eleventh Circuit has set forth a two-part test for district courts to use in assessing whether a state-law claim is preempted by the Copyright Act. *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983). First, the court "must decide whether the rights at issue fall within the 'subject matter of copyright' set forth in sections 102 and 103". *Id*. Second, the court must determine "whether the rights at issue are 'equivalent to' the exclusive rights of section 106." *Id*. On the issue of whether state-law claims involve rights "equivalent to the exclusive rights under section 106," the Eleventh Circuit has used the "extra element" test: if the state-law claim requires proof of an "element that is not required under copyright law[,] and thereby makes the state law claim qualitatively different from a copyright claim, the state law claim is not preempted." *Foley v. Luster*, 249 F.3d 1281, 1285-86 (11th Cir. 2001).

### III.    MISAPPROPRIATION IS NOT PREEMPTED BY THE COPYRIGHT ACT

To establish a cause of action for ***misappropriation*** of an idea, a plaintiff must show that: (1) the idea was novel; (2) disclosure of the idea was made in confidence; and (3) that the idea was adopted and used by the defendant. *Alevizos v. John D. & Catherine T. MacArthur Found,* 764 So. 2d 8, 11 (Fla. 4th DCA 1999). It is essential in a misappropriation claim that the idea was revealed in confidence; in other words, that it was a secret. *Garrido v. Burger King Corp.,* 558 So. 2d 79, 83 (Fla. 3d DCA 1990). The Court in *Garrido* held:

> "Congress did not intend to eliminate totally any form of the tort of misappropriation. 'Misappropriation' is not necessarily synonymous with copyright infringement and thus a cause of action labeled as 'misappropriation' is not preempted if it is in fact based neither on a right within the general scope of copyright... nor on a right equivalent thereto."

*Garrido,* 558 So. 2d at 83.

This Court has also addressed this precise issue on purported copyright preemption versus state court misappropriation claims in *Jaggon v. Rebel Rock Ent., Inc.*, 2010 U.S. Dist. LEXIS 90685, 2010 WL 3468101, at *6 (S.D. Fla. Sept. 1, 2010).

In *Jaggon*, this Court found that the state claim for misappropriation of ideas was not preempted by the Copyright Act. *Id.* at 8. Instead, this Court found that although the Plaintiff's original musical composition was within the subject matter of copyright, Plaintiff's idea for the song was not within the subject matter of copyright. *Id.* Additionally, this Court held that the "in confidence" element of Plaintiff's misappropriation of ideas claim was an extra element that rendered the misappropriation of ideas claim qualitatively different from a copyright infringement claim. *Id.*

Here, Plaintiffs specifically plead that Plaintiff's, Michael Sepulvedablanco, idea for developing his artistic literary work was novel. *See* Complaint for Damages and Injunctive Relief, ¶¶107-108, attached hereto as Exhibit A. Additionally, the disclosures of Plaintiff's stories were strictly made in confidence, and Plaintiff's ideas in connection with his artistic literary work have been adopted and used by Defendant, Netflix, Inc. *Id. at* ¶¶ 109-112. Similar to *Jaggon*, Plaintiff's ideas in connection with the creation of his artistic literary work are not within the subject matter of copyright, and Plaintiff's misappropriation "in confidence" element renders the misappropriation of ideas claim qualitatively different from a copyright infringement claim.

Additionally, Plaintiffs have also alleged that Defendant, Netflix, Inc. has violated Section 540.08, Florida Statute – Unauthorized publication of name or likeness. *See Taylor v. Trapeze Mgmt., LLC*, No. 0:17-cv-62262-KMM, 2018 U.S. Dist. LEXIS 50972, at *13 (S.D. Fla. Mar. 26, 2018) (finding that Plaintiffs' claims were not preempted by the Copyright Act because Plaintiffs'

claims did not fall within the subject matter of the Copyright Act as Plaintiffs' persona is not a tangible work.)

Simply put, misappropriation is a Florida state court cause of action. Similarly, a violation of 540.08 is a Florida state court cause of action.

Therefore, Plaintiffs have not pled any claim that "arises under" the Copyright Act; rather Plaintiffs pled claims that are qualitatively different from a Copyright Act. Because each of the claims in Plaintiffs' Complaint against Defendant, Netflix, Inc. contain at least an extra element instead of, or in addition to the exclusive Copyright Act rights, the claims are not preempted.

## CONCLUSION

Defendants failed to meet their burden of demonstrating that removal was warranted. Rather, Plaintiffs' Complaint controls the Court's remand. Nowhere in the Complaint do Plaintiffs seek redress for remedies under federal law or the Copyright Act. Rather, Plaintiffs seek redress for Defendants' actions in violation of state law claims. Alternatively, should the Court deny Plaintiff's Motion, the Plaintiffs respectfully request that the Court consider their Emergency Verified Motion for Preliminary Injunction

## CERTIFICATION OF EMERGENCY MOTION

Pursuant to Local Rule 7.1(c)(1), after reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

*/s/ Benjamin Mordes*
BENJAMIN MORDES (FBN: 75370)

**Jimenez Mazzitelli Mordes**
*Counsel for Plaintiff*
9350 South Dixie Highway
PH 05
Miami, FL 33156
Telephone: (305) 548-8750

/s/ Benjamin Mordes        _____
CARLOS JIMENEZ (FBN: 94662)
carlos@jmmlawfirm.com
BENJAMIN MORDES (FBN: 75370)
benjamin@jmmlawfirm.com

**Law Offices of Elysa Galloway**
*Counsel for Plaintiff*
PO Box 5131
Lighthouse Point, FL 33074-5131
Office: (954) 998-3828

/s/ Elysa Galloway           _____
ELYSA GALLOWAY (FBN: 1022194)
elysa@elysagallowaylaw.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues. Plaintiffs' counsel conferred with Defendant's counsel in a good faith effort to resolve the issues raised in this motion and oppose Plaintiffs' Motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the Court's CM/ECF System on January 22, 2024, on all counsel or parties of record.

/s/ Benjamin Mordes        _____
BENJAMIN MORDES (FBN: 75370)