IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL SEPULVEDABLANCO,
and MARIE SEPULVEDABLANCO,
formerly known as MARIE RAMIREZ
DE ARELLANO as Personal Representative
of the Estate of GRISELDA BLANCO
DE TRUJILLO,

       Plaintiffs,

vs.

CASE NO.: 1:24-cv-20240-DPG

ANDRES HERNANDO LOPEZ, RAFAEL ALFREDO ROJAS VEGA, LUIS BALGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC.,

       Defendants.
_____/

**EMERGENCY VERIFIED MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, MICHAEL SEPULVEDABLANCO and MARIE SEPULVEDABLANCO, formerly known as MARIE RAMIREZ DE ARELLANO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO ("Plaintiffs"), through counsel, moves this Court to grant their Emergency Verified Motion for Preliminary Injunction (the "Motion"). In support of their Motion, Plaintiffs state as follows:

    **I.   RELEVANT FACTS**

    1.   At all times material hereto, Plaintiff, MICHAEL SEPULVEDABLANCO, is a prominent figure in the media entertainment industry as: an author, tv personality, public figure, businessman and the son of Decedent, Griselda Blanco De Trujillo.

2. Plaintiff, MICHAEL SEPULVEDABLANCO, has devoted several years to meticulously documenting the private narratives of his, as well as his mother's life, with the intention of publishing a book and developing a Spanish soap opera.

3. On or about 2009, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, entered into an agreement with Plaintiff, MICHAEL SEPULVEDABLANCO, regarding the use of his artistic literary work.

4. The agreement included Defendants', ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, intention to assist Plaintiff, MICHAEL SEPULVEDABLANCO, in the publication of his book, as well as assist Plaintiff, MICHAEL SEPULVEDABLANCO, in creating/developing/producing a Spanish soap opera based on his book.

5. From 2009 to 2022, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, would interview Plaintiff, MICHAEL SEPULVEDABLANCO, as well as audio-record sessions where Plaintiff, MICHAEL SEPULVEDABLANCO, would recount private details from his artistic literary work about his family's life. Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, also came into physical possession of Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

6. In 2016, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that they would begin pitching his artistic literary work to different Latin production companies, as well as secure a publishing deal for his book. Thereafter, Defendant, RAFAEL ALFREDO ROJAS VEGA, through an exchange of voice messages via WhatsApp advised Plaintiff, MICHAEL SEPULVEDABLANCO, that he did in fact share Plaintiff's, MICHAEL SEPULVEDABLANCO,

artistic literary work with Defendant, ANDRES HERNANDO LOPEZ, right before a meeting with Defendant, NETFLIX, INC.

7. After the meeting with Defendant, NETFLIX, INC., Defendant, ANDRES HERNANDO LOPEZ, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that he had a meeting with Defendant, NETFLIX, INC., however, they had opted out of using Plaintiff's, MICHAEL SEPULVEDABLANCO, consultations, or any of his artistic literary work.

8. Subsequently, Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, ceased all communication with Plaintiff, MICHAEL SEPULVEDABLANCO, and instead, proceeded to actively market and sell Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased, private artistic literary work to Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC., without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization.

9. Plaintiff, MICHAEL SEPULVEDABLANCO, was made aware of the limited series through news publications of the project named *Griselda* by Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC. Subsequently, Plaintiff, MICHAEL SEPULVEDABLANCO, reached out to Defendant, RAFAEL ALFREDO ROJAS VEGA, who confirmed he did in fact share all of Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work to Defendant, ANDRES HERNANDO LOPEZ, without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization via email prior to ceasing all communication with Plaintiff, MICHAEL SEPULVEDABLANCO.

10.     In 2021, immediately upon this discovery, Plaintiff, MICHAEL SEPULVEDABLANCO, met with Defendant, LUIS BALAGUER, to discuss the project named *Griselda* and Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work.

11.     During this meeting, MICHAEL SEPULVEDABLANCO, again offered to provide consultations for the project named *Griselda*. In response, Defendant, LUIS BALAGUER, boasted that Defendants had no need for Plaintiff, MICHAEL SEPULVEDABLANCO. Defendant, LUIS BALAGUER, further confirmed to Plaintiff, MICHAEL SEPULVEDABLANCO, that Defendants did in fact have Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. This occurred when Defendant, LUIS BALAGUER, advised Plaintiff, MICHAEL SEPULVEDABLANCO, that Defendants would not use a specific scene referenced within Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work. Plaintiff, MICHAEL SUPELVEDABLANCO, had asked Defendant, LUIS BALAGUER, how he had knowledge of this specific scene.

12.     Plaintiff, MICHAEL SEPULVEDABLANCO, provided Defendant, LUIS BALAGUER, notice that this scene was his artistic literary work, also asking Defendant, LUIS BALAGUER, if he was or had been working with Defendant, ANDRES HERNANDO LOPEZ, because only four individuals knew about this scene. Defendant, LUIS BALAGUER, confirmed he in fact had worked with Defendant, ANDRES HERNANDO LOPEZ, in the beginning stages of the project *Griselda*.

13.     After the meeting, Plaintiff, MICHAEL SEPULVEDABLANCO, advised Defendant, ANDRES HERNANDO LOPEZ, that he spoke to Defendant, LUIS BALAGUER and Defendant, ANDRES HERNANDO LOPEZ, confirmed they had opted out of using Plaintiff's, MICHAEL SEPULVEDABLANCO, consultations, or any of his artistic literary work because

when Defendant, ANDRES HERNANDO LOPEZ, met with Defendant, NETFLIX, INC., he wrongfully provided Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work without Plaintiff's, MICHAEL SEPULVEDABLANCO, knowledge or authorization.

14. Defendant, LUIS BALAGUER, confirmed that Plaintiff's, MICHAEL SEPULVEDABLANCO, artistic literary work had been provided to Defendants, LUIS BALAGUER, MELISSA ESCOBAR, SOFIA MARGARITA VERGARA, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., and NETFLIX, INC, to create a limited series based on Plaintiff's, MICHAEL SEPULVEDABLANCO, family.

15. The limited series *Griselda*, produced by Defendants, LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR, and SOFIA VERGARA, is now set to premiere on January 25, 2024, on Defendant's, NETFLIX, INC., streaming platform.

16. Plaintiff's, MICHAEL SEPULVEDABLANCO, unreleased and private artistic literary work is used to depict the life story of himself and his mother, Griselda Blanco De Trujillo, in this limited series, *Griselda*, produced by LATIN WORLD ENTERTAINMENT HOLDINGS, INC., LUIS BALAGUER, MELISSA ESCOBAR and SOFIA VERGARA, with no credit to Plaintiff, MICHAEL SEPULVEDABLANCO, for his artistic literary work.

17. To date, Defendant, NETFLIX, INC., has not properly credited Plaintiff, MICHAEL SEPULVEDABLANCO, for any of his artistic work that will be used in the series *Griselda*.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65, the Court may enter a preliminary injunction. The chief function of a preliminary injunction "is to preserve the status quo until the merits of the

controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). A party seeking a preliminary injunction must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-1226 (11th Cir. 2005).

A preliminary injunction requires showing "imminent" irreparable harm. *Siegel v. LePore*, 234 F.3d 1163, 1176-77 (11th Cir. 2000). The very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

### III.  DISCUSSION

#### A. Substantial Likelihood Of Success on The Merits

There is a substantial likelihood of success on the merits because, as pleaded in the Complaint, Plaintiff, MICHAEL SEPULVEDABLANCO, has established there was a valid agreement between Defendants, a clear and material breach, misappropriation, misrepresentation, and resulting damages.

Specifically, Plaintiff, MICHAEL SEPULVEDABLANCO, and Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA, entered into an agreement in 2008. The existence is not in dispute, as Defendants have previously acknowledged, through their actions and conduct by assisting Plaintiff, MICHAEL SEPULVEDABLANCO, with the development of his book and soap opera, that an agreement existed.

The terms of the agreement required Defendants to compensate Plaintiff, MICHAEL SEPULVEDABLANCO, for his consultation services, award him writing credit, and use his artistic literary work in any production based on his, or his mother's life. Defendant, NETFLIX, INC., knew or should have known of this agreement between Plaintiff, MICHAEL SEPULVEDABLANCO, and Defendants, ANDRES HERNANDO LOPEZ, and RAFAEL ALFREDO ROJAS VEGA.

There was a clear and material breach of said agreement as Defendant, NETFLIX, INC., has failed to award Plaintiff, MICHAEL SEPULVEDABLANCO, credit – amongst other things. Again, this fact is not in dispute, a simple viewing of the series will show that other individuals, including Defendants, LUIS BALAGUER, and SOFIA MARGARITA VERAGRA, were awarded producer credit, not Plaintiff, MICHAEL SEPULVEDABLANCO.

Plaintiff, MICHAEL SEPULVEDABLANCO, is sustaining and will continue to sustain substantial damages due to Defendants' material breach of their agreement. Specifically, Plaintiff's, MICHAEL SEPULVEDABLANCO, career, publicity and reputation are, and will be damaged due to Defendants' refusal to credit Plaintiff, MICHAEL SEPULVEDABLANCO, with his artistic literary work.

### B. Irreparable Harm

Commenting on the appropriate relief for a party's breach of agreement to give proper screen credit, the Court in *Tamarind Lithography Workshop, Inc. v. Sanders*, 193 Cal. Rptr. 409, 413 (Cal. Ct. App. 1983) noted that: "[n]ot only would money damages be difficult to establish, but at best they would hardly compensate for the real injury. A writer's reputation, which would be greatly enhanced by public credit for authorship of an outstanding picture, is his stock in trade; it

is clear that irreparable injury would follow the failure to give screen credit if in fact he is entitled to it." *Id.*

The Court in *Sanders* eventually held that although a jury could assess the monetary damages for the [past] loss of publicity, pecuniary compensation for [plaintiff's] future harm is not a fully adequate remedy. As such, the court concluded that Plaintiff was entitled to relief consisting of the damages recovered for **past** harm, and an injunction against **future** injury. *Id.*

Similar to the facts in *Sanders*, Plaintiff, MICHAEL SEPULVEDABLANCO, will suffer immediate and irreparable injury, loss, or damage unless Defendant, NETFLIX, INC., is enjoined from airing the series *Griselda* without the corrected screen credit. Specifically, the Defendant's ongoing failure to credit Plaintiff, MICHAEL SEPULVEDABLANCO, continues to deplete potential career opportunities, abrogate current and future publicity, and damage his reputation in the entertainment community.

Plaintiff, MICHAEL SEPULVEDABLANCO, has no adequate remedy at law, or otherwise, for the harm or damage caused by Defendant's release of *Griselda* without proper credit. A monetary award would not adequately remedy the current and future career, publicity, and reputation impairment to Plaintiff, MICHAEL SEPULVEDABLANCO.

### C. The Threatened Injury to Plaintiff Outweighs Possible Harm to Defendant

The threatened injury to Plaintiff, MICHAEL SEPULVEDABLANCO, substantially outweighs the possible harm to Defendant, NETFLIX, INC. Specifically, requiring Defendant to stop airing the series *Griselda* may result in a loss of some potential revenue that could be recouped easily. Conversely, allowing Defendant, NETFLIX, INC., to repeatedly air *Griselda* without proper credit continues to substantially damage Plaintiff's, MICHAEL

SEPULVEDABLANCO career, publicity, and reputation – future damages which can only be remedied with an injunction.

### D. Entry of an Injunction will Not Disserve the Public

The entry of an injunction will not disserve the public interest. Instead, allowing Defendant, NETFLIX, INC., to air the series during the pendency of this action without the proper credit only serves to continually misinform the public as to the series' major contributors.

As such, Defendant, NETFLIX, should be enjoined from releasing *Griselda* during the pendency of this action.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs, MICHAEL SEPULVEDABLANCO, and MARIE SEPULVEDABLANCO, as Personal Representative of the Estate of GRISELDA BLANCO DE TRUJILLO, requests that this Court enter a Preliminary Injunction against Defendant, Netflix, Inc., enjoining this Defendant from (a) releasing *Griselda*, which is scheduled to be released by Netflix, Inc. on January 25, 2024; (b) using any unauthorized artistic literary work of Plaintiff; and (c) using any other content of Plaintiff. Plaintiffs are willing to tender a bond in an amount the Court deems proper.

## CERTIFICATION OF EMERGENCY MOTION

Pursuant to Local Rule 7.1(c)(1), after reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

*/s/ Benjamin Mordes*_____
BENJAMIN MORDES (FBN: 75370)

**VERIFICATION PURSUANT TO FLA. STAT § 92.525**

Under penalties of perjury, I, Benjamin Mordes, declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

/s/ Benjamin Mordes

**Jimenez Mazzitelli Mordes**
*Counsel for Plaintiff*
9350 South Dixie Highway
PH 05
Miami, FL 33156
Telephone: (305) 548-8750

/s/ Benjamin Mordes  _____
CARLOS JIMENEZ (FBN: 94662)
carlos@jmmlawfirm.com
BENJAMIN MORDES (FBN: 75370)
benjamin@jmmlawfirm.com

**Law Offices of Elysa Galloway**
*Counsel for Plaintiff*
PO Box 5131
Lighthouse Point, FL 33074-5131
Office: (954) 998-3828

/s/ Elysa Galloway_____
ELYSA GALLOWAY (FBN: 1022194)
elysa@elysagallowaylaw.com

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues. Plaintiff counsel conferred with Defendants' counsel in a good faith effort to resolve the issues raised in this motion and oppose Plaintiff's Motion.

/s/ Benjamin Mordes  _____
BENJAMIN MORDES (FBN: 75370)

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by the Court's CM/ECF System on January 22, 2024, on all counsel or parties of record.

                                              */s/ Benjamin Mordes*
                                              BENJAMIN MORDES (FBN: 75370)